ELLEN SETTEE v. CHARLOTTE ELECTRIC RAILWAY COMPANY.

(Filed 24 November, 1915.)

**Court's Discretion—Verdict Set Aside—Separation of Jurors—Matters of Law—Appeal and Error.**

　　The trial judge, in his reasonable discretion, may set aside a verdict of the jury and refuse to find the facts upon which he does so and rest his judgment therein as a matter of law; and, it appearing in this case that he permitted the jury to separate during the trial without the knowledge or consent of the appellee, and has set aside the verdict after their motion and argument, on this ground, but within his discretionary powers, his action in so doing is not reviewable on appeal, it being for his determination whether the separation of the jury in any sense was prejudicial to the rights of the moving party, the appellee.

APPEAL by defendant from *Lane, J.,* at March Term, 1915, of MECKLENBURG.

Civil action.

The plaintiff sued to recover damages for injuries alleged to have been caused by the negligence of defendant, the particular act of negligence being that defendant had carelessly left an iron frog in one of the streets of the city of Charlotte, and while plaintiff was walking along said street her foot was caught in the frog, throwing her to the ground and greatly injuring her ankle and foot. The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Was the release set out in the answer secured by undue advantage and fraud, as alleged in the replication of the plaintiff? No answer.

3. What damages is the plaintiff entitled to recover of the defendant? No answer.

Plaintiff moved for a new trial upon two grounds: (1) That the judge, without her consent, or that of her counsel, without their knowledge, and during the trial, after the jury had retired to make up their verdict, permitted the jurors to separate and go to their respective homes, returning the next morning to resume their deliberations. (2) Because of the refusal of the court to instruct the jury upon the first issue as requested by plaintiff.

It was admitted that the next morning plaintiff's counsel, about 10 o'clock, learned of the separation of the jury and made no objection thereto before the verdict was returned.

After argument of counsel upon the motion to set aside the verdict the court announced that the verdict would be set aside, and counsel for defendant then requested the court to find the facts and let the order setting aside the verdict be based on matters of law. The court refused to do so, and caused the following entry to be made upon the minutes: "Plaintiff moves to set aside the verdict, and the court, in the exercise of its discretion, allows the motion and orders that the verdict be set aside."

Defendant excepted and appealed.

*J. W. Keerans for plaintiff.*
*Osborne, Cocke & Robinson for defendant.*

WALKER, J., after stating the case: It is not required of us that we should consider the motion for a new trial so far as it was based upon errors in law, for the presiding judge elected to set it aside in the exercise of his discretion, as he clearly had the power and right to do. He was not bound to grant the request of the defendant that he confine his order for the new trial to matters of law, no more than he would be compelled to do so if he had, upon full hearing and investigation, found as a fact that the verdict had actually been procured by fraud or other act of corruption. If he thought that his action in allowing a separation of the jurors was, under the circumstances, calculated to prejudice the plaintiff, he not only had the right, but, in a moral sense at least, it was his duty to set it aside, and it follows that he might so use his discretion as to make it subservient to his moral perceptions or to his idea of what was right and proper under the circumstances. Trials could not be safely conducted upon any other principle.

It has been said by this Court that if the circumstances are such as merely to put suspicion on the verdict by showing, not that there was, but that there might have been undue influence brought to bear on the jury, because there was opportunity and a chance for it, it is a matter within the discretion of the presiding judge, to set aside the verdict if he thinks it proper to do so. *S. v. Tilghman,* 33 N. C., 553, 554. It has recently been held by us that when there is merely ground for suspicion, the judge may, in his discretion, set aside the verdict. *Lewis v. Fountain,* 168 N. C., 279. And it was further said in that case: "Such matters are in the discretion of the trial court, certainly in the absence of a palpable abuse of discretion."

The discretion of the judge to set aside a verdict is not an arbitrary one to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of presenting what may seem to him an inequitable result. The power is an inherent one, and is regarded as essential to the proper administration of the law. It is not limited to cases where the verdict is found to be against the weight of the evidence, but extends to many others. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited. *Jarrett v. Trunk Co.,* 142 N. C., 469. We said in that case, at page 470: "One of the most delicate and responsible duties of all those the judge must perform is the use of his discretion in passing upon the rights of litigants, when he has no fixed and certain rule for his guidance, but is left, as *Judge Gaston* once expressed it, 'to his own notions of fitness and expediency'; and while, perhaps, discretion should always be exercised sparingly, and surely not unnecessarily, yet the duty of using it is one the law requires of him, and which he should perform with firmness and without hesitation, in all cases where he deems it necessary to execute justice and maintain the right." But the precise case is put by *Justice Connor* in *Abernethy v. Yount,* 138 N. C., 344: "We do not question his Honor's power—if in the exercise of his sound discretion there had been on his part, or on the part of any other person connected with the case, any irregularity or inadvertence, or any other like reason, by which the defendant had suffered injustice—to set the verdict aside."

There was nothing arbitrary here, and not the slightest ground for suspecting even an abuse of discretion. His Honor, inspired, no doubt, by his profound sense of justice, and his earnest desire that each of the parties should have a perfectly fair and equal chance with his adversary before the law, set aside the verdict, as any fair-minded judge would

have done if he entertained a doubt as to whether the trial had been fair to the plaintiff by reason of the separation of the jurors. It was done for their comfort and convenience, and with a perfectly correct motive, but, nevertheless, it was for the judge afterwards to decide whether it was fraught with any danger to the plaintiff's rights, and his conclusion, while thus exercising his discretion, we will not review here. He is better able to decide the question than we are, because of his presence, and participation in the trial, where the situation must have appeared to him far more clearly than we can see it. We do not .now recall a case where the exercise of discretion by a judge in such a matter was revised. The action of the judge will not do the defendant any serious harm. It may lose some time, but nothing more.

This view was well expressed by *Justice Bynum* in *Moore v. Edmiston*, 70 N. C., 481. "Our case is favorably distinguishable from the cases of *S. v. Miller*, 18 N. C., 500, and *S. v. Tilghman*, 33 N. C., 553, in that there new trials were refused, and the prisoners were executed, while here a new trial was granted, and the only inconvenience seen is the trivial one of a short postponement of the case. If the defendant has merits, he need not fear a second trial; if he has none, the new trial is granted in the interests of justice." It is unfortunate, perhaps, that even time should be lost, but trials are constantly exposed to such chances and untoward events, and for that reason, and that justice may not miscarry, this saving power is lodged with the judge to supervise them, in order to prevent any wrong being done, and his discretion, therefore, must be ample, if the purpose in confiding it to him is to be fully accomplished.

We see nothing in the case to take it out of the ordinary rule, that we will not review the exercise of the judge's discretion, and certainly not unless there has manifestly been a gross abuse of it, which does not appear by this record.

There was no error in the ruling of the court.

No error.