LUTHER PRESTON MULL v. MINNIE C. MULL

No. 7125DC648

(Filed 15 December 1971)

1. **Rules of Civil Procedure § 7— form of motions — necessity for rule numbers**
    A motion must state the rule number or numbers under which the movant is proceeding. Rule 6 of the General Rules of Practice for the Superior and District Courts.

2. **Rules of Civil Procedure § 50— directed verdict — party having burden of proof**
    The party having the burden of proof on all the issues was not entitled to a directed verdict. G.S. 1A-1, Rule 50.

---

Mull v. Mull

---

3. **Appeal and Error § 54— determination whether an order was discretionary**

　　Where an order setting aside a verdict does not show whether it was made in the exercise of discretion or as a matter of law, it will be considered to have been made in the exercise of discretion.

4. **Appeal and Error § 40— dismissal of appeal — failure to include verdict and judgment in record**

　　The Court of Appeals dismisses an appeal from the denial of plaintiff's motion for a directed verdict, since neither the verdict nor the judgment was included in the record on appeal.

APPEAL by plaintiff from *Evans, District Judge,* 17 May 1971 Session of District Court held in BURKE County.

Plaintiff filed complaint 6 February 1970 seeking an absolute divorce from defendant based upon an allegation that the parties had continuously lived separate and apart since 1965. In an answer filed 5 May 1970, defendant alleged abandonment in defense of plaintiff's action, and counterclaimed for temporary and permanent alimony. On 19 October 1970 plaintiff's action was dismissed upon his failure to appear and prosecute the action when called out in open court. No exception was taken to the order of dismissal.

Thereafter, defendant's action for alimony was tried by a jury. The first three of seven issues submitted to the jury were answered as follows:

"1A. Was Minnie C. Mull a resident of the State of North Carolina six months preceding this action?

ANSWER: Yes.

1. Were Luther Preston Mull and Minnie C. Mull married as alleged in the Cross Action?

ANSWER: Yes.

2. Was Luther Preston Mull the supporting spouse as alleged in the Cross Action?

ANSWER: No."

---

**Mull v. Mull**

---

The record indicates that upon the return of the jury's verdict the following transpired:

"MOTION

MR. SIMPSON: If the Court pleases, we'll move that the Court, in its discretion, set aside the verdict of the jury as being contrary to the greater weight of the evidence and to direct a verdict for the plaintiff.

THE COURT: Gentlemen, let me see you in chambers a minute.

MR. SIMPSON: Also, disregarded by the jury the instructions of the Court and also insufficient of the evidence to justify the verdict; that the verdict is contrary to law in that the presumption on Issue No. 2 is that the burden of proof according to the statutory provisions is that the husband is the supporting spouse and no evidence was introduced by the defendant to rebut this presumption.

### Order

THE COURT: The ruling on the plaintiff's motion to set the verdict aside, the motion is granted.

### EXCEPTION No. 5"

Plaintiff purports to appeal from the court's order.

*John H. McMurray for plaintiff appellant.*

*Simpson and Martin by Wayne W. Martin for defendant appellee.*

GRAHAM, Judge.

Mr. Simpson represents defendant, but in his motion he asked that a verdict be directed for plaintiff. In ruling on the motion the court stated "the ruling on the plaintiff's motion to set the verdict aside, the motion is granted." This *lapsus linguae* on the part of defendant's counsel and the judge would undoubtedly have been corrected if a formal written order had been prepared and entered. However, no order appears in the record, other than the judge's statement that the motion to set aside the verdict is granted.

Mull v. Mull

[1] In making his motion, defendant's counsel did not state the rule number or numbers under which he was proceeding as required by Rule 6 of the General Rules of Practice for the Superior and District Courts, Supplemental to the Rules of Civil Procedure. See *Long v. Coble,* 11 N.C. App. 624, 182 S.E. 2d 234 and *Lee v. Rowland,* 11 N.C. App. 27, 180 S.E. 2d 445.

[2] Adherence to this requirement would have been particularly helpful here where defendant was apparently seeking a new trial on grounds set forth in G.S. 1A-1, Rule 59 (a) (5) (7) (9), and also a directed verdict under the provisions of G.S. 1A-1, Rule 50. Clearly, defendant, who had the burden of proof on all the issues, was not entitled to a directed verdict. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297.

[3] No complaint is made by plaintiff with respect to defendant's failure to comply with Rule 6 of the General Rules of Practice, and the order entered by the court is treated by the parties in their briefs as an order setting aside the verdict in the court's discretion. Where an order setting aside a verdict does not show whether it was made in the exercise of discretion or as a matter of law, it will be considered to have been made in the exercise of discretion. *Jones v. Insurance Co.,* 210 N.C. 559, 187 S.E. 769; 2 McIntosh, N. C. Practice and Procedure 2d, § 1594 (Supp. 1970).

It is well established in this jurisdiction that a trial court has the inherent power to set aside a verdict in its discretion and its action in doing so is not subject to review on appeal, in the absence of a manifest abuse of discretion. *Goldston v. Chambers,* 272 N.C. 53, 157 S.E. 2d 676; *Reece v. Reece,* 6 N.C. App. 606, 170 S.E. 2d 546; 2 McIntosh, N. C. Practice and Procedure 2d, § 1594, at 93, 94. No abuse of discretion has been shown here and the appeal is subject to be dismissed.

[4] Plaintiff attempts to assign as error the court's denial of his motion for a directed verdict made at the close of defendant's evidence and renewed at the close of all of the evidence. Since there is neither verdict nor judgment in the record, there is no basis upon which an appeal on this ground may rest. *Atkins v. Doub,* 260 N.C. 678, 133 S.E. 2d 456.

Appeal dismissed.

Judges MORRIS and PARKER concur.