RAYMOND C. CROTTS v. CAMEL PAWN SHOP, INC.

No. 7219SC662

(Filed 25 October 1972)

1. **Rules of Civil Procedure § 55— setting aside entry of default — good cause**

   In order to set aside an entry of default, all that need be shown is good cause, there being no necessity for a showing of excusable neglect. G.S. 1A-1, Rule 55 (d).

2. **Rules of Civil Procedure § 55— setting aside entry of default — good cause — discretion of court**

   The determination of whether good cause exists to vacate an entry of default rests in the sound discretion of the trial judge.

3. **Appeal and Error § 42; Rules of Civil Procedure § 55— setting aside entry of default — evidence not in record on appeal — presumption**

   The appellate court will presume that the trial judge acted within his discretion on evidence showing good cause in vacating an entry of default where appellant failed to bring forward the evidence heard by the trial judge.

APPEAL by plaintiff from *McConnell, Judge,* 21 February 1972 Session of Superior Court held in RANDOLPH County.

Crotts v. Pawn Shop

Plaintiff instituted this action to recover damages for personal injury alleged to have been caused by negligence of the defendant corporation in failing to maintain, in a reasonably safe condition, the chairs and floors used by the patrons of its pawn shop business in Winston-Salem, North Carolina.

Plaintiff filed this action on 15 September 1971. Defendant filed answer on 27 October 1971, twelve days after expiration of the time allowed by Rule 12(a)(1) for filing answer. On 24 January 1972, an entry of default signed by the clerk was filed. On 1 February 1972, defendant moved to set aside the entry of default under Rule 55(d). Judge McConnell entered an order on 24 February 1972, setting aside the entry of default. Plaintiff appealed.

*John Randolph Ingram for the plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for defendant appellee.*

BROCK, Judge.

Plaintiff appeals from the trial judge's order vacating an entry of default.

An entry of default is only an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter; 6 J. Moore, Federal Practice, par. 55.10 [1], p. 1827 (2d Ed. 1966) ; and a court might feel justified in setting aside an entry of default on a showing that would not move it to set aside a default judgment. Moore, *supra,* par. 55.10 [2], p. 1831; see *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735.

When an entry of default has been made by the Clerk of Superior Court, a motion to vacate that entry is governed by the provisions of Rule 55(d) of the North Carolina Rules of Civil Procedure, which provides as follows:

"(d) Setting aside default.—For *good cause* shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." (Emphasis added.)

[1] This court has previously stated that to set aside a default all that need be shown is good cause: "There is no neces-

sity for a finding of excusable neglect in granting a motion to set aside and vacate the entry of default." *Whaley v. Rhodes, supra.*

[2]   The trial judge in this case granted the motion vacating the entry of default after a hearing before counsel for plaintiff and defendant. The determination of whether a good cause exists rests in the sound discretion of the trial judge. *Whaley v. Rhodes, supra.* It is well settled that action by the trial judge as to a matter within his judicial discretion will not be disturbed unless a clear abuse of discretion is shown. *Whaley v. Rhodes, supra; Mull v. Mull,* 13 N.C. App. 154, 185 S.E. 2d 14.

[3]   Appellant has not favored us with the evidence heard by the trial judge upon defendant's motion to vacate the entry of default. Where appellant fails to bring the evidence up for review, we presume the trial judge acted within his discretion on evidence showing good cause to vacate the entry of default. *In re Warrick,* 1 N.C. App. 387, 161 S.E. 2d 630; *Cobb v. Cobb,* 10 N.C. App. 739, 179 S.E. 2d 870.

Before depositing its answer with the clerk defendant did not move under Rule 6(b) for enlargement of time to file answer, therefore, its tardily deposited answer did not constitute a bar to the entry of default. Under the circumstances, the answer was merely proffered for filing. Defendant has not yet made a motion under Rule 6(b) for enlargement of time to file answer, and, therefore, no answer has been filed. The portion of the judgment which states "so that the case may be decided on its merits" constitutes surplusage and is disregarded.

Insofar as the order appealed from vacates the entry of default the same is

Affirmed.

Judges MORRIS and HEDRICK concur.