A. GLENDON JOHNSON v. WILLIAM HARVEY HOOKS, JR.

No. 7410DC252

(Filed 5 June 1974)

1. Pleadings § 9; Rules of Civil Procedure § 6— extension of time to answer — excusable neglect — plaintiff's failure to file amended complaint

The trial court did not abuse its discretion in granting defendant an extension of time to file answer based on excusable neglect where the court found that plaintiff had been given 60 days to amend his complaint, that plaintiff did not amend his complaint and that defendant and his attorney did not file an answer because they did not receive an amended complaint. G.S. 1A-1, Rule 6(b)(2).

2. Evidence § 31— party to note — oral testimony — best evidence rule

In an action to recover an amount plaintiff paid to a bank under the mistaken belief that he was paying a note of defendant's son rather than defendant's note, the trial court erred in refusing to permit plaintiff to question several witnesses, including defendant, as to whether defendant was a party to the note satisfied by plaintiff, since the best evidence rule does not prevent proof by oral testimony of a fact which has an existence independent of the terms of a writing.

3. Unjust Enrichment— payment of another's note — misapprehension of facts — recovery of payment

If plaintiff paid an amount to a bank under the mistaken belief that he was paying a note of defendant's son rather than defendant's note, plaintiff may bring an action against defendant to recover the money paid on the theory that by such payment the recipient has been unjustly enriched at plaintiff's expense.

ON *Certiorari* to review the Order of Preston, Judge, 16 October 1972 Session of District Court held in WAKE County.

This is a civil action wherein the plaintiff, A. Glendon Johnson, seeks to recover $1,621.19 from defendant, William Harvey Hooks, Jr. The sum plaintiff is attempting to recoup represents a payment made by him to Wachovia Bank and Trust Company in Goldsboro, N. C., while plaintiff was allegedly operating under the mistaken impression that this payment was to be credited to an obligation owed Wachovia by defendant's son, William Harvey Hooks III.

This matter, by the consent of the parties, was heard by the trial judge without a jury and the trial judge made findings of fact, which, except where quoted, are summarized as follows:

On 25 February 1965 William H. Hooks III (defendant's son) purchased a Ford Mustang automobile from Fremont

Motor Sales in Fremont, N. C.; and the purchase of this car was financed through Wachovia Bank and Trust Company of Goldsboro, which had a first lien on the title in the amount of $1,621.19.

The plaintiff and defendant's son became good friends, "having met in the Psychiatric Ward, Duke Hospital, Durham, North Carolina," and through their conversations plaintiff became apprised of defendant's son's indebtedness to Wachovia Bank. After both men had been discharged fom the hospital, they performed favors for one another on several different occasions; and on 3 March 1966, "plaintiff's bank, pursuant to plaintiff's request, paid to Wachovia Bank and Trust Company in Goldsboro, North Carolina, $1,621.19 . . . . [A]t the time this payment was made, the defendant [sic] believed that the payment which he ordered made to Wachovia was to be credited to an obligation owed Wachovia by William Harvey Hooks III . . . . [Furthermore] at the time the plaintiff made the above mentioned payment to Wachovia he had never conferred about said indebtedness in any manner whatsoever with William Harvey Hooks, Jr., and that William Harvey Hooks, Jr., had never requested nor authorized the plaintiff to pay any amount whatsoever to Wachovia."

Upon receipt of the money from plaintiff's bank, the funds were applied to the account on the 1965 Ford Mustang and "Wachovia Bank mailed whatever relevant papers it had to William Harvey Hooks, Jr., P. O. Box 574, Fremont, North Carolina, which was then, and still is, the Post Office Box of William Harvey Hooks, Jr."

Based on the foregoing findings of fact, the court made the following pertinent conclusions of law:

"2. That plaintiff has failed to produce sufficient evidence which, when taken in its most favorable light, would show that the defendant, William Harvey Hooks, Jr., was ever a party to any note or financing agreement whatsoever concerning the purchase of a 1965 Mustang automobile above referred to.

3. That even if the plaintiff had affirmatively established any liability on the part of William Harvey Hooks, Jr., then the plaintiff's own evidence shows that the plaintiff, in paying the above mentioned obligation, was an 'officious intermeddler' and that defendant received no con-

sideration or benefit from plaintiff's unwarranted acts, and therefore, is entitled to no relief, either in law or in equity."

From a judgment that plaintiff recover nothing of defendant, the plaintiff failed to file a timely appeal; however, the plaintiff sought and was granted a writ of certiorari on 11 September 1973.

*A. Glendon Johnson for plaintiff appellant.*

*Strickland and Rouse by David M. Rouse for defendant appellee.*

HEDRICK, Judge.

A discussion of plaintiff's first assignment of error can be made more meaningful by a brief review of the procedural history of this case. This action was commenced on 19 February 1969 against defendants William Harvey Hooks, Jr., and Wachovia Bank & Trust Co. of Goldsboro (Wachovia). Both defendants demurred to the complaint and the trial court in an Order filed on 14 May 1969 determined (1) that the demurrer of Wachovia was proper and should be allowed, (2) that the demurrer of Hooks should be overruled. Thereafter, the plaintiff appealed from that portion of the judgment of the district court sustaining Wachovia's demurrer; and this court, in an opinion reported in 6 N.C. App. 432, 169 S.E. 2d 893 (1969), affirmed the judgment of the district court. In the 14 May 1969 Order, the trial court also allowed the plaintiff's motion to amend his complaint and gave plaintiff sixty (60) days in which to make such amendment(s). On 6 November 1970 plaintiff made a motion for judgment on the pleadings contending that the defendant Hooks had failed to file an answer in this action and that the time for so doing had long since expired. On 10 November 1971 the defendant filed a motion seeking an extension of time to file his answer, and in this motion the defendant explained his reason for failing to answer as follows:

> "[T]he plaintiff was given sixty days to amend his complaint [but] . . . the plaintiff did not amend his complaint and has not filed or served an amended complaint and has not filed or served an amended complaint upon William Harvey Hooks, Jr., or his attorney . . . . [I]t was the understanding of the defendant, William Harvey Hooks, Jr., and his attorney, that the amendment would apply to

him and that he would have a reasonable time to file answer after the plaintiff amended his complaint . . . . The defendant . . . delayed filing an answer until such time as he had received the amended complaint and having never received the amended complaint, did not file [an] answer."

In an order filed 16 November 1971, the trial judge entered an Order extending the time for defendant to file an answer and in so doing stated:

"[T]he plaintiff was given sixty days to amend his complaint; [however], the plaintiff did not amend his complaint and, therefore, did not serve an amended complaint upon the defendant, William Harvey Hooks, Jr., or his attorney . . . . [T]he defendant, William Harvey Hooks and his attorney did not file an answer because they did not receive an amended complaint [and] . . . the Court finds as a fact that it was due to this misunderstanding that an answer was not filed."

[1] The plaintiff excepted to the granting of this extension of time to file and this exception provides the foundation for his first assignment of error.

G.S. 1A-1, Rule 12(a)(1) of the Rules of Civil Procedure requires an answer to be filed within thirty (30) days and defendant, having failed to comply with this rule, must resort to G.S. 1A-1, Rule 6(b), of the Rules of Civil Procedure, for an enlargement of the period in which to file his answer. Rule 6(b) gives the court discretionary authority to enlarge the time period for filing pleadings, motions, interrogatories, etc., and this discretion can be exercised (1) upon request prior to the expiration of the time to file, *or* (2) *where the failure to act within the time prescribed was the result of excusable neglect.* (Emphasis added.) *Hubbard v. Lumley,* 17 N.C. App. 649, 195 S.E. 2d 330 (1973) ; *Cheshire v. Aircraft Corp.,* 17 N.C. App. 74, 193 S.E. 2d 362 (1972). In the instant case, the trial judge, in his discretion, determined that the defendant should be allowed to file his answer. Although the order allowing such extension was not couched in the specific language of Rule 6(b), we hold that the finding of the trial court was tantamount to a finding of excusable neglect, and there having been no showing of abuse of discretion, the exercise of the trial court's discretionary power in allowing defendant to file his answer is not

Johnson v. Hooks

reviewable upon this appeal. *State Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22 (1967). Thus, this assignment of error is without merit.

[2] In order for the plaintiff to prevail in this action, it is necessary that he prove, among other things, that the defendant was a party to the note held by Wachovia and satisfied by plaintiff; and plaintiff, by three separate assignments of error, asserts that he was denied the opportunity to offer into evidence testimony relevant to the proof of this vital fact. Plaintiff attempted to ask questions concerning the note to (1) the sales manager of the automobile dealership where defendant's son purchased the car; (2) the assistant cashier of the bank which financed the purchase; and (3) the defendant himself; but, in each instance the questions asked were objected to by defendant's counsel and such objections were sustained by the trial court. Clearly, the most expedient course for plaintiff to have followed would have been to introduce the note in question; however, the uncontroverted findings reveal that Wachovia mailed the relevant papers involved in the loan transaction to the defendant upon payment of the note by plaintiff. Therefore, the plaintiff, in order to prove the critical element of defendant's involvement in the transaction, chose to offer secondary evidence of this fact and such secondary evidence was offered in the form of questions propounded by plaintiff to several witnesses, including the defendant. That this was an acceptable method of proving the significant fact in question is manifested by the following comment which appears in 2 Stansbury, N. C. Evidence, § 191, p. 103, N. 24 (Brandis Rev. 1973).

> "[I]f a fact has an existence independent of the term of any writing, the best evidence rule does not prevent proof of such fact by the oral testimony of a witness having knowledge of it or by any other acceptable method of proof not involving use of the writing."

Although the testimony which appears in the record of this case is somewhat awkward and confusing as a result of the absence of a court stenographer, we are persuaded that the record does disclose that the plaintiff was prejudiced by being denied—without any justifiable reason—the opportunity to present pertinent testimony. For such error the plaintiff must be afforded a new trial.

As a consequence of reaching the result that plaintiff must be given an opportunity to introduce evidence relative to the

determination of whether defendant was a party to the note, we must next discuss the import of the trial court's conclusion that even if the plaintiff had offered evidence of defendant being a party to the note that the plaintiff could not have prevailed, as he was nothing more than an "officious intermeddler" or "volunteer." By a liberal construction of the complaint, plaintiff alleges that he made the payment to Wachovia while operating under the mistaken belief that he was paying the debt of defendant's son. Indeed, the trial court found as a fact that "at the time this payment was made, the defendant believed that the payment which he ordered made to Wachovia was to be credited to an obligation owed Wachovia by William Harvey Hooks, III . . . . " Moreover, as we have previously noted, *supra,* the plaintiff was subsequently frustrated in his attempt to prove this allegation.

[3] It is an accepted principle that payments are not considered voluntary so as to bar their recovery when they are made under misapprehension of the true facts. 70 C.J.S., Payments, § 157, p. 367. Such is the law in this jurisdiction. *Boney, Insurance Com'r. v. Insurance Co.,* 213 N.C. 563, 197 S.E. 122 (1938) ; *Publishing Co. v. Barber,* 165 N.C. 478, 81 S.E. 694 (1914). See also, *Guaranty Co. v. Reagan,* 256 N.C. 1, 122 S.E. 2d 774 (1961). One who makes a payment of money under a mistake is permitted to bring an action to recover the money paid on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment. *Guaranty Co. v. Reagan, supra; Morgan v. Spruill,* 214 N.C. 255, 199 S.E. 17 (1938). Thus, in light of the foregoing principles, we determine that the trial court erroneously concluded that the plaintiff could not recover even if he proved defendant was a party to the loan transaction.

For the reasons herein stated the plaintiff must be awarded a

New trial.

Judges CAMPBELL and BALEY concur.