DORIS SEYMOUR FRYE AND WILLIAM L. FRYE v. MALCUM DUGLAS WILES AND ALTERMAN TRANSPORTATION LINES, INC.

No. 768SC937

(Filed 6 July 1977)

1. **Rules of Civil Procedure § 55— setting aside entry of default**

   All that needs to be shown to set aside an entry of default is good cause, and the determination of whether good cause exists to vacate an entry of default is addressed to the sound discretion of the trial judge. G.S. 1A-1, Rule 55(d).

2. **Negligence § 44— consistency of verdict**

   A jury verdict was not inconsistent in finding that defendant driver's negligence was not the proximate cause of feme plaintiff's personal injuries and that it was the proximate cause of damage to the male plaintiff's vehicle which the feme plaintiff was driving; nor was the verdict inconsistent in failing to answer an issue as to contributory negligence of the feme plaintiff and finding that contributory negligence by the feme plaintiff was imputed to the male plaintiff.

APPEAL by plaintiffs from *Webb, Judge.* Judgment entered 11 June 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 8 June 1977.

This appeal involves an action brought by Doris and William Frye, husband and wife, against Alterman Transportation Lines, Inc. and its employee, Malcum Wiles. The complaint was

filed in September 1973 and in it the plaintiffs alleged that Doris Frye suffered personal damages and William Frye sustained property damages to his automobile as a result of defendant Wiles's negligence in a collision between the truck he was driving for defendant Alterman and the vehicle driven by Mrs. Frye.

By an order entered on 8 March 1975, plaintiffs obtained an entry of default against defendants. On 2 April 1975, defendants filed a motion and affidavit to set aside the entry of default. After a hearing on the motion, the entry of default was set aside pursuant to G.S. 1A-1, Rule 55(d) and an order was entered to that effect on 5 May 1975.

The case was finally tried in June 1976. Plaintiffs offered evidence at the trial which tended to show the following: On 20 December 1972, Doris Frye was driving west on U. S. Highway 70 near Goldsboro in a car owned by her husband, William Frye. Defendant Wiles was also driving west on Highway 70, which is a dual-lane road. Mrs. Frye and Wiles were both in the left westbound lane and Wiles was in the front vehicle. Mrs. Frye blew her horn, pulled into the right lane, and began passing Wiles. Just as she reached Wiles's front bumper, he moved over into the right lane and his front bumper struck Mrs. Frye's left rear bumper. Wiles did not give a turn signal before moving into the right lane. Plaintiffs' car was thrown into the median and Mrs. Frye suffered personal injuries.

Defendants offered evidence tending to show that Wiles never heard Mrs. Frye blow her horn before the collision occurred and, moreover, he never heard her car at all. He gave a right turn signal before pulling into the right lane and he did not see plaintiffs' vehicle until the moment of impact. After the collision, plaintiffs' car was not thrown into the median but merely went onto the right shoulder, returned to the right lane, and slowly came to a halt.

The jury found that Mrs. Frye was not injured by Wiles's negligence; that Mr. Frye's property was damaged by Wiles's negligence; that Mrs. Frye's contributory negligence was imputed to Mr. Frye; and that Mr. Frye was not entitled to any recovery.

Plaintiffs appealed.

*E. C. Thompson III for the plaintiffs.*

*Freeman & Edwards, by George K. Freeman, Jr., for the defendants.*

MARTIN, Judge.

Plaintiffs have grouped their three assignments of error into two arguments in their brief. In the first argument they contend that the trial court committed reversible error by allowing defendants' motion to set aside entry of default against defendants. We disagree.

[1] In setting aside an entry of default, as opposed to a default judgment, a showing of excusable neglect is not necessary. *Acoustical Co. v. Cisne and Associates,* 25 N.C. App. 114, 212 S.E. 2d 402 (1975). Under G.S. 1A-1, Rule 55(d), all that needs to be shown to set aside an entry of default is good cause. *Crotts v. Pawn Shop,* 16 N.C. App. 392, 192 S.E. 2d 55 (1972). The determination as to whether good cause exists to vacate an entry of default is addressed to the sound discretion of the trial judge. *Crotts v. Pawn Shop, supra.* The judge's exercise of that discretion will not be disturbed on appeal unless a clear abuse of discretion is shown. *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970). In the case at bar, the court determined that there was good cause to set aside the entry of default and the plaintiffs have failed to show any abuse of discretion in the making of this determination.

[2] By their second argument, plaintiffs contend that the trial court committed reversible error by denying their motion to set aside the verdict as against the weight of the evidence. In making this argument, the plaintiffs direct our attention to what they consider to be inconsistencies in the verdict. We disagree.

The issues presented to the jury and the answers given by the jury are set forth in the record as follows:

"1. Was the plaintiff, Doris Seymour Frye, injured and damaged by the negligence of the defendant, Malcum Duglas Wiles, as alleged in the complaint?

ANSWER: No.

2. Was the property of the plaintiff, William L. Frye, damaged by the negligence of the defendant, Malcum Duglas Wiles, as alleged in the complaint?

ANSWER: Yes.

3. Did the plaintiff, Doris Seymour Frye, by her own negligence contribute to her injuries as alleged in the answer?

ANSWER: _____

4. If so, was the contributory negligence of the plaintiff, Doris Seymour Frye, imputed to the plaintiff, William L. Frye?

ANSWER: Yes.

5. What amount of damages, if any, is the plaintiff, Doris Seymour Frye, entitled to recover of the defendants?

ANSWER: _____

6. What amount of damages, if any, is the plaintiff, William L. Frye, entitled to recover of the defendants?

ANSWER: None."

The jury thus found that defendant Wiles's negligence caused the damage to plaintiff William Frye's vehicle but did not cause the injuries to Mrs. Frye. The plaintiffs point to this as the first inconsistency in the jury's verdict. We, however, have no problems with this part of the verdict. Even if it is conceded that defendant Wiles was negligent, Mrs. Frye still could not recover against him unless it was also shown that his negligence proximately caused the injuries of which she complained. The trial judge properly instructed the jury concerning this proximate cause requirement. By construing the verdict with reference to the pleadings, the evidence, and the charge, it is clear that the jury verdict was consistent. *Nicholson v. Dean*, 267 N.C. 375, 148 S.E. 2d 247 (1966). The evidence in this case was not complicated. It just failed to convince the jury that defendant Wiles's negligence was the proximate cause of Mrs. Frye's injuries.

The plaintiffs point to yet another alleged inconsistency in the jury verdict. The jury did not answer the third issue as to Mrs. Frye's contributory negligence but nevertheless answered the fourth issue "If so, was the contributory negligence of the plaintiff Doris Seymour Frye, imputed to the plaintiff William L. Frye" in the affirmative. Although it is clear that

In re Etheridge

the fourth issue was poorly drawn and could have included separate issues of contributory negligence, we must nevertheless conclude that there was no inconsistency in the verdict given by the jury. The jurors did not answer the third issue because the trial judge specifically instructed them that if they found that Mrs. Frye was not injured by Mr. Wiles's negligence then they should not consider the issue as to whether she was contributorily negligent for her own injuries. However, having found that Mr. Frye's property *was* damaged by Mr. Wiles's negligence, the jury had to answer the issue as to whether Mrs. Frye's negligence was imputed to her husband. The only way the jury could do this was to answer the fourth issue. By construing this part of the verdict with reference to the pleadings, the evidence, and the charge, we therefore hold that there was no inconsistency. *Nicholson v. Dean, supra.*

That part of plaintiffs' second argument dealing with the alleged inconsistencies in the verdict is therefore overruled.

We have reviewed the remaining contention in plaintiffs' second argument and find it to be without merit.

No error.

Chief Judge BROCK and Judge HEDRICK concur.