CHARLES RAYMOND NORRIS, BY HIS GUARDIAN *AD LITEM*, WILLIAM NORRIS v. FREDERICK ORMON WEST, JR.

No. 773SC122

(Filed 3 January 1978)

**Pleadings § 9.1; Rules of Civil Procedure § 6— failure to file answer in time—
excusable neglect—extension of time**

    The trial court did not err in finding that defendant's failure to file answer was the result of excusable neglect and in permitting defendant to file answer after the time for filing had expired where defendant failed to give his liability insurer adequate time in which to file answer because of his erroneous belief, based on his conversation with the officer who served process on him, that he had 30 days in which to deliver the summons and complaint to his insurance agent. G.S. 1A-1, Rule 6(b).

ON writ of certiorari to review order entered by *Ervin, Judge.* Order entered 14 January 1977 in Superior Court, PITT County. Heard in the Court of Appeals 1 December 1977.

William Norris, guardian *ad litem* for Charles Raymond Norris, instituted this action to recover damages for personal injuries sustained in a collision involving an automobile and a bicycle. Charles, a sixteen-year-old minor, was riding a bicycle when he was struck by defendant's automobile, and plaintiff alleged that the collision occurred as a result of defendant's negligent operation of his automobile. Plaintiff filed his complaint on 14 September 1976.

Defendant filed a motion on 3 November 1976 seeking an extension of time in which to answer. He alleged that he was served with a copy of the summons and complaint on 22 September by a deputy sheriff. Defendant had to answer the complaint within 30 days, but his conversation with the deputy sheriff led him to believe that he was only required to get the summons and complaint to his insurance agent within the 30-day period. Defendant had a busy work schedule, and he was sick for a few days, making it difficult for him to deliver the summons and complaint to his in-

surance agent. He was finally able to deliver the documents on 19 October. The insurance agent mailed the documents to Aetna Insurance Company, defendant's liability insurance carrier, on that same day. The summons and complaint arrived in Aetna's mailroom on 21 October, but because of the ensuing weekend and the routing of mail within the offices, Aetna's claims department did not receive them until 27 October. Upon receiving the documents, Aetna's claims department promptly contacted an attorney in Greenville, North Carolina, who sought the consent of plaintiff's attorney to an extension of time to answer. Plaintiff's attorney declined to consent, and defendant filed his motion asking the court to grant an extension of time. Defendant subsequently filed affidavits supporting the allegations made in his motion.

Plaintiff responded to defendant's motion, alleging that defendant had previously been served in another suit arising out of the same accident and that defendant had promptly delivered the documents relating to that case to his insurance agent. Plaintiff then moved for entry of default.

The court found facts in accord with the allegations in defendant's motion and concluded:

> [T]hat the defendant's conduct in failing to understand and comprehend the necessity of answering within the thirty (30) day period and in failing to give his liability insurance carrier adequate time in which to answer the Complaint constitutes excusable neglect under the provisions of Rule 6(b) of the North Carolina Rules of Civil Procedure.

Based upon its conclusions, the court granted defendant's motion for an extension of time and denied plaintiff's motion for entry of default.

Plaintiff gave notice of appeal and subsequently filed a petition for certiorari to the North Carolina Court of Appeals to perfect the appeal. This Court granted the writ.

*Williamson, Shaffner & Herrin by Mickey A. Herrin for plaintiff appellant.*

*Speight, Watson & Brewer by W. W. Speight and William C. Brewer, Jr., for defendant appellee.*

Britt v. Construction Co.

PARKER, Judge.

Plaintiff contends that the court erred in granting defendant's motion for an extension of time in which to file an answer to the complaint. G.S. 1A-1, Rule 6(b) gives the trial court the discretionary authority to enlarge the time period for filing an answer. If, as in this case, the request for such an enlargement is made after the expiration of the time to file, the court may enlarge the time period for filing if the failure to file was the result of excusable neglect. *Johnson v. Hooks*, 21 N.C. App. 585, 205 S.E. 2d 796 (1974). The trial court's finding of excusable neglect is supported by the record, and there has been no showing that the court abused its discretion in allowing defendant to file his answer. Therefore, the order of the trial court is

Affirmed.

Judges BRITT and VAUGHN concur.