EARL H. BYRD, JR. v. RODNEY A. MORTENSON, M.D., P.A., AND RODNEY A. MORTENSON, M.D.

No. 8110SC1263

(Filed 21 December 1982)

1. **Rules of Civil Procedure § 55.1— insurer's failure to obtain counsel—entry of default—abuse of discretion in failure to set aside**

    The trial court in a medical malpractice action abused its discretion in refusing to set aside an entry of default against defendant where defendant immediately contacted his insurer when he learned of the suit; defendant forwarded all relevant medical and office records to the insurer in a timely manner; defendant acted in conformity with his insurer's instructions, which was a reasonable response given the insurer's superior expertise in such a matter; the insurer failed to obtain counsel to defend the suit because of illness of its claims manager; and defendant's lawyer immediately contacted the office of the clerk of superior court to enter an appearance when he was contacted by the insurer to defend the suit. G.S. 1A-1, Rule 55(d).

2. **Pleadings § 9.1; Rules of Civil Procedure § 6— failure to file answer in time—excusable neglect—extension of time**

    Defendant's failure to file answer was the result of excusable neglect, and the trial court should have granted defendant an extension of time to file

answer after the time for filing had expired, where defendant immediately contacted his insurer when he learned of the suit, defendant forwarded relevant information to the insurer in a timely manner, and the insurer failed to obtain counsel to defend the suit until after time for filing answer had expired. G.S. 1A-1, Rule 6(b).

Judge MARTIN (Robert M.) dissenting.

APPEAL by defendants from *Bailey, Judge.* Judgment entered 14 September 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 15 September 1982.

Plaintiff brought this claim for relief for medical malpractice on 24 February 1981 against the individual defendant, an orthopedic surgeon, and the professional association that the defendant was employed by. The suit was based on a tendon transfer operation that defendant performed on plaintiff's left forearm and subsequent treatment of that arm. Although this case deals with medical malpractice, its resolution on appeal depends primarily on the North Carolina Rules of Civil Procedure.

The defendant association was served with a copy of the summons and complaint through its registered process agent on 26 February. The individual defendant was served on 3 March.

After being informed of the action against him on 26 February, defendant contacted his insurance carrier, who instructed him to forward medical documents and notes relevant to the case. The carrier's claims manager informed defendant on that date that the carrier would retain attorney Perry C. Henson for him. The relevant documents were forwarded to the carrier on 11 March and received the following day. They were placed in the carrier's "incidental" file rather than the pending suit file pursuant to the claims manager's instructions given by telephone on 12 March.

A default was entered against the defendant association on 3 April because it filed no responsive pleading within 30 days as required by G.S. 1A-1, Rule 12(a)(1). Default was entered pursuant to G.S. 1A-1, Rule 55(a) by the Wake County Assistant Clerk of Superior Court. A similar default was entered against the individual defendant for the same reason on 6 April.

Immediately after learning of the 3 April default, the process agent for the defendant association notified the carrier on 8 April of the default against the association and demanded that the carrier retain a lawyer for the defendants. The carrier's prior inaction on the matter was explained to the process agent as resulting from the claims manager's illness. The claims manager was out of work from 9 March to 16 March and was admitted to the hospital on 4 April. The carrier contacted attorney Henson on 8 April.

After being contacted by the carrier, Henson immediately notified the Deputy Clerk of Superior Court of Wake County by telephone and informed her that he was making an appearance for the defendants. The court file was marked to reflect that fact. Henson was first informed of the 6 April default against the individual defendant in this conversation. The Deputy Clerk then informed the plaintiff's attorney of Henson's actions.

On the same day, Henson sent a letter to the Deputy Clerk confirming their conversation. Copies were sent to the attorneys for the plaintiff and received by them on 10 April. The letter was placed in the court file when it was received on 9 April at 2:08 p.m.

On 9 April at 3:27 p.m., Superior Court Judge A. P. Godwin, Jr. entered judgment by default in this action.

Pursuant to G.S. 1A-1, Rules 55 and 60, the defendants moved in a motion filed on 16 April to vacate the defaults and default judgment previously entered. Affidavits in support of the motion were filed on 28 April.

This action was heard on 10 July. The trial judge vacated the 9 April default judgment because the defendants made an appearance on 8 April and did not receive the three days notice required prior to a hearing on a default judgment as G.S. 1A-1, Rule 55(b)(2) mandates.

Defendants' motion to set aside the defaults was not ruled upon. An oral motion in court to be permitted to file an answer or to have an extension of time to answer was denied.

In motions filed on 13 July, defendants sought to vacate the entries of default and to extend the time for an answer. On 14 July, plaintiff filed a motion to strike from the record of the 10 July hearing the defendants' motion for extension of time.

The matter was heard on 14 September in Wake County Superior Court. The trial judge denied defendants' motions and entered a default judgment on 23 September. Defendants gave notice of appeal to this Court on the same day.

*Cheshire, Manning & Parker, by Joseph B. Cheshire V, Thomas C. Manning and Barbara A. Smith, and Bode, Bode & Call, by Robert V. Bode, attorneys for plaintiff-appellee.*

*Perry C. Henson and Perry C. Henson, Jr., attorneys for defendant-appellants.*

ARNOLD, Judge.

[1] Defendants' primary attack on appeal is on the trial judge's refusal to set aside the defaults against them.

For the entry of a default to be disturbed, as those entered by the Clerk of Superior Court on 3 and 6 April in this case, G.S. 1A-1, Rule 55(d) requires that "good cause" be shown. That determination is in the trial judge's discretion and will not be disturbed absent an abuse of discretion. *Frye v. Wiles*, 33 N.C. App. 581, 235 S.E. 2d 889 (1977). *Crotts v. Pawn Shop*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied* 282 N.C. 425, 192 S.E. 2d 835 (1972).

This Court follows the principle that "[i]nasmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry of default so the case may be decided on its merits." *Peebles v. Moore*, 48 N.C. App. 497, 504-5, 269 S.E. 2d 694, 698 (1980), *modified* 302 N.C. 351, 275 S.E. 2d 833 (1981). At the same time "the rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 510, 181 S.E. 2d 794, 798 (1971).

Two decisions strongly support defendants' position here. In *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970), the

Court set aside entry of a default under Rule 55(d). The default had been entered after the defendant failed to answer plaintiff's complaint. *Whaley* found that the defendant showed "good cause" for failure to file an answer because he had turned the plaintiff's complaint over to his insurance agent "who assured him that . . . the insurance company . . . would take care of the matter. . . ." 10 N.C. App. at 109, 177 S.E. 2d at 736.

In the recent case of *Peebles,* the Court set aside entry of default on facts analogous to this case. That decision was based on the insurer's misplacing of the insured's file, which resulted in an answer being filed seven days late. *Peebles* concluded "defendant's failure timely to file his answer was due to an inadvertence on the part of defendant's insurer . . . ." 48 N.C. App. at 507, 269 S.E. 2d at 700.

Although defendant here did not turn over a copy of the complaint to his insurer, he took sufficient action to justify setting aside the defaults against him. First, he immediately contacted his insurer when he learned of the suit. Second, he forwarded all relevant medical and office records to the insurer in a timely manner. Third, he acted in conformity with his insurer's instructions, which was a reasonable response given the insurer's superior expertise in these matters. It should also be noted that his lawyer immediately contacted the Clerk of Superior Court's office to enter an appearance when he discovered that he was the defendant's counsel.

The cases cited by plaintiff do not appear to be dispositive on the default issue. For example, *Howell v. Haliburten,* 22 N.C. App. 40, 205 S.E. 2d 617 (1974), is distinguishable on the facts. In that case, the insurer waited ten months after receiving notice of the suit before contacting local counsel to take care of the matter. The time lapse was much shorter here. *Britt v. Georgia-Pacific Corp.,* 46 N.C. App. 107, 264 S.E. 2d 395 (1980), is also not determinative since the delay there was caused by the defendant's in-house legal department misplacing the papers.

In *Peebles,* the court reversed the trial court's refusal to set aside an entry of default on facts similar to those in this case, where defendant's failure to file a timely answer was due to the insurer's inadvertence.

Other similarities between *Peebles* and this case justify following its holding here. The court thought it important, for example, that an answer was filed promptly when the mistake was discovered. In the present case defendants sought "other and further relief as to the court may seem just and proper" in their 15 April motion and sought time to file an answer in a 13 July motion.

*Peebles* also pointed to a lack of prejudice to the plaintiff and injustice to the defendant as factors in the default decision. The only prejudice to plaintiff here is in the sense that he may have to try a case that he has won without a trial. That, however, is not the type of prejudice that *Peebles* seeks to avoid. Thus, the injustice to the defendant in not having a review of his defense on the merits with the resultant harm to his reputation and ability to make a living outweighs any possible prejudice to the plaintiff. "[W]e believe that justice will best be served by allowing this case to be tried on its merits." *Peebles*, 48 N.C. App. at 507, 269 S.E. 2d at 700.

In *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980), our Supreme Court said: "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." Based on the record before us, and in our advantage of hindsight, we cannot say that the trial court's refusal to set aside the defaults against defendants was not "manifestly unsupported by reason." As a result, we reverse the trial court's refusal to set aside the defaults against the defendants.

[2] The defendants' second assignment of error is that they should have been allowed an extension of time to file an answer. Where a party seeks an extension of time to answer after the expiration of the 30-day limit, the judge may permit the answer if he finds that "the failure to act was the result of excusable neglect." G.S. 1A-1, Rule 6(b).

In *Norris v. West*, 35 N.C. App. 21, 239 S.E. 2d 715 (1978), the court upheld a finding of excusable neglect under Rule 6(b) on facts less compelling than these. Relying on a conversation with the deputy sheriff who served him with a copy of the summons and complaint, the defendant in *Norris* believed that he was only required to get the papers to his insurance agent within 30 days.

As a result, the papers did not reach the insurer's attorney until after the expiration of the stated time to file an answer. If *Norris* found excusable neglect when the defendant waited 27 days to contact his insurance agent, the requisite excuse is certainly found here where defendant contacted his insurer as soon as he learned of the suit against him. Upon remand, defendant shall be allowed to file an answer in this case.

Reversed and remanded.

Judge WHICHARD concurs.

Judge MARTIN dissents.

Judge MARTIN (Robert M.) dissenting.

I am of the opinion that the record below does not disclose a manifest abuse of discretion entitling this Court to interfere with the trial judge's refusal to vacate the default entry.

The North Carolina Supreme Court, in *Settee v. Electric Ry.*, 170 N.C. 365, 367, 86 S.E. 1050, 1050-51 (1915), attempted to shed some light on the meaning of "abuse of discretion" stating that

> The discretion of the judge . . . is not an arbitrary one to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of presenting what may seem to him an inequitable result. The power is an inherent one, and is regarded as essential to the proper administration of the law. . . . While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited.

That Court has been reluctant to find an abuse of discretion and in most instances has carefully guarded the trial courts' discretionary powers.

While it has been recognized that it is "practically impossible to fashion a rule which could generally pinpoint where a trial judge's discretion in any matter ends and an abuse thereof begins," *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 484, 290 S.E. 2d 599, 604 (1982), I do not feel this case deserves different treatment than those cited in the majority opinion in which the trial judges' decisions to deny or grant defendants' motions to vacate entry of default were upheld on appeal. Although the majority may disagree with the able and conscientious trial judge, there is sufficient evidence to warrant his denial of defendant's motion to vacate entry of default. First, defendant failed to include a copy of the complaint and summons with the medical records which he mailed to his insurer, a fact which may account for the improper placement of the medical records in the insurer's "incidental" file. Second, defendant did not check back with his insurer or his assigned counsel, even though he was never contacted once he had mailed the records to his insurer.

In my opinion the majority has "substituted what it considered to be its own better judgment . . . and did not strictly review the record for the singular cause of determining whether . . . [the judge] had clearly abused *his* discretion. . . ." *Id.* at 486, 290 S.E. 2d at 604. Since I "believe that our appellate courts should place great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality," *Id.* at 487, 290 S.E. 2d at 605, I cannot participate in the majority's finding of an abuse of discretion on the part of the trial judge.