NORTH AMERICAN ACCEPTANCE CORPORATION
v. MATTIE P. SAMUELS

No. 7121DC377

(Filed 23 June 1971)

**1. Appeal and Error § 14— dismissal of appeal — notice of appeal**

Appeal from the entry of judgment should be dismissed when the notice of appeal was given more than ten days after the entry of judgment. G.S. 1-279; G.S. 1-280.

**2. Vendor and Purchaser § 11; Rules of Civil Procedure § 8— seller's action for possession of realty — sufficiency of claim for relief**

In a seller's action to recover possession of real property and back payments from a defaulting buyer, allegations of the complaint were sufficiently particular to give defendant notice of the transactions and occurrences intended to be proved and the type of relief demanded. G.S. 1A-1, Rule 8(a).

**3. Rules of Civil Procedure § 8— failure to answer pleadings — admission of allegations**

Allegations in a pleading to which a responsive pleading is required are deemed admitted when no responsive pleading is filed. G.S. 1A-1, Rule 8(d).

**4. Rules of Civil Procedure § 55— establishment of default**

Default was established where the defendant failed to answer seller's complaint demanding possession of real property and recovery of back payments for the property, and where the court thereafter entered default judgment. G.S. 1A-1, Rules 55(a) and 55(b)(2).

5. **Rules of Civil Procedure § 55— setting aside judgment by default — discretion of court**

  The determination of whether an adequate basis exists for setting aside the entry of default and the judgment by default rests in the sound discretion of the trial judge.

6. **Rules of Civil Procedure § 55— motion to set aside default judgment — ignorance and indigency of movant**

  A defendant's unverified motion to set aside a default judgment on the ground that she was uneducated, ignorant of the law, and living on welfare without funds to employ counsel, *held* insufficient, standing alone, to warrant the setting aside of the judgment on the grounds of mistake, inadvertence, surprise, excusable neglect, or meritorious defense.

APPEAL by defendant from *Billings, District Judge,* 14 January 1971 Session of District Court held in FORSYTH County.

In the verified complaint filed 14 October 1970, plaintiff alleges that it is a Georgia corporation; that the defendant is a resident of Forsyth County; that under date of 10 August 1968 plaintiff agreed to sell and defendant agreed to buy certain real property located in Forsyth County; that under the agreement, defendant is in possession of the property and is now indebted to plaintiff in the sum of $247.50; that plaintiff is entitled to and has demanded possession of the property but defendant refuses to pay the amount due and refuses to give up possession. In its prayer for relief, plaintiff asks, among other things:

"1. For a judgment against the defendant in the amount of TWO HUNDRED FORTY-SEVEN DOLLARS AND FIFTY CENTS ($247.50) plus interest from August 19, 1970.

2. For a judgment declaring the plaintiff entitled to immediate possession of the real property described herein.

3. For a Writ of Possession commanding the Sheriff to remove the defendant from the real property described herein."

Under date of 14 January 1971, the assistant clerk of superior court signed the following "Entry of Default":

"THAT WHEREAS it has been made to appear to the undersigned Clerk of the Superior Court of Forsyth County, upon affidavit or otherwise that the defendant has failed

to plead and that the defaulting party is neither an infant nor incompetent.

That the defendant is otherwise subject to default judgment as provided by the Rules of Civil Procedure.

Now, therefore, default is hereby entered against the defendant in this action as provided by Rule 55(a) of the Rules of Civil Procedure."

Under date of 14 January 1971, the district court judge signed the following "Entry of Default Judgment":

"It further appearing to the Court that a verified Complaint was filed and summons issued in this action on the 14th day of October, 1970, and said summons together with a copy of said Complaint was served on the defendant, Mattie P. Samuels, on the 15th day of October, 1970.

And it further appearing to the Court that affidavit was filed herein on December 31, 1970;

And it further appearing to the Court that no answer, motion to dismiss for failure to state a claim upon which relief can be granted, or pleadings has been filed by the defendant and no extension of time to file pleadings has been granted and that the time for pleading or otherwise defending has expired;

And it further appearing to the Court that the default of the said defendant having been duly entered according to Law; upon the request of said plaintiff, Judgment is hereby entered against said defendant in pursuance of the prayer of said verified complaint.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DE-CREED:

1. That a Writ of Possession be issued commanding the Sheriff of Forsyth County to remove the defendant from the premises described in the Complaint, to wit:

Being Lot 74, Section B, as shown on the Map entitled Bon Air Property made by J. E. Ellerbe, C.E., and recorded in the office of the Register of Deeds of Forsyth County, N.C., in plat book 3, Page 25.

Acceptance Corp. v. Samuels

and to put the plaintiff in possession of the above described land and premises."

Under date of 21 January 1971, Vernon Hart, as attorney for the defendant, filed an unverified motion asking that the court set aside the "default judgment" entered herein on 14 January 1971. In this motion it is asserted:

"This motion is predicated on the premises that the defendant is an uneducated person ignorant of the law, was an indignet (sic) person living on welfare without funds to employ the assistance of legal counsel and was therefore totally unaware of the consequences of her failure to answer timely; that this unawareness constitutes mistake and inadvertance (sic) and therefore amounts to excusable neglect."

In this unverified motion the defendant's attorney makes many allegations with respect to why the "default judgment" should be set aside but does not ask that the "entry of default" be set aside under Rule 55(d).

The district court judge made the following order "(e)ntered January 28, 1971—signed February 1, 1971" relating to the defendant's motion:

"THIS CAUSE coming on to be heard before the undersigned Judge Presiding at the District Court Division of the General Court of Justice of Forsyth County, upon motion of the defendant to set aside the default judgment duly entered in this cause on Thursday, January 14, 1971; and

The Court after reviewing the pleadings and after hearing argument of counsel for the plaintiff and the defendant finds that there is not excusable neglect on the part of the defendant and the Court further finds that the defendant has no meritorious defense.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that defendant's motion to set aside the default judgment entered herein is denied and said judgment is no longer stayed and may be enforced as by law allowed."

After the entry of the above order denying the motion to set aside the judgment by default, the defendant filed a notice

of appeal to the Court of Appeals which was dated 29 January 1971 in the following words: "From the entry of judgment rendered herein by the Honorable Rhoda B. Billings, District Judge, on January 14, 1971, exceptions to the signing of said judgment to be hereafter assigned and further appeals the Courts denial of her motion to set the judgment aside." No service on the plaintiff of this notice is shown on the record.

   *Hollowell & Ragsdale, P.A., by William L. Ragsdale for plaintiff appellee.*

   *Vernon Hart for defendant appellant.*

   MALLARD, Chief Judge.

Neither appellant nor appellee filed brief within the time prescribed by the rules. However, both have filed briefs and we therefore consider the case.

   The parties stipulated that "for purposes of this record of appeal it shall not be necessary to set out the Summons." The certificate of service of the summons and complaint is not in the record. However, in the "Entry of Default Judgment" and in defendant's brief, it is asserted that the summons and complaint were served on the defendant on 15 October 1970. We assume, therefore, that the summons and complaint were lawfully served.

   The defendant's only assignment of error is as follows:

   "1. THE ENTRY OF JUDGMENT DATED JNAUARY *(sic)* 14, 1971 WHEREIN THE WRIT OF POSSESSION WAS ORDERED.
                                  (R p 4)

   The Presiding Judge erred in signing said judgment in that:

   a. The complaint alleges an agreement existed between Plaintiff/Appellee and Defendant/Appellant and yet said agreement was never filed with the Court and has never been made a part of the record nor has the Court made findings setting forth the contents of said agreement.

   b. The complaint alleges that said agreement between the parties was one of vendor/vendee wherein Plaintiff/Appellee was selling real property to Defendant/Appellant.

c. The complaint prays for relief in the form of summary ejectment of the Defendant/Appellant from the real property allegedly being purchased by Defendant/Appellant from the Plaintiff/Appellee.

d. North Carolina General Statute 42-26 expressly provides that an action of summary ejectment only lies when the relationship of Landlord/Tenant exists between the parties. No finding has been recorded setting forth that such a relationship existed between Plaintiff/Appellee and Defendant/Appellant but to the contrary the record shows their relationship to be that of Vendor-Vendee.

e. The Court was without authority on the record to enter judgment for summary ejectment."

**[1]** The assignment of error does not mention the order dated 1 February 1971 denying the defendant's motion to set aside the default judgment. The notice of appeal was dated and filed 29 January 1971, more than ten days after the rendition of the judgment dated 14 January 1971, and no notice of appeal was served on the plaintiff. The appeal from the entry of the judgment dated 14 January 1971 should be dismissed because timely notice was not given nor properly served. See *Brady v. Town of Chapel Hill,* 277 N.C. 720, 178 S.E. 2d 446 (1971) ; G.S. §§ 1-279, 1-280.

**[2]** We hold that the allegations of the verified complaint were sufficiently particular as required by G.S. 1A-1, Rule 8(a) [see *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970)] to give the defendant notice of the transactions and occurrences intended to be proved and the type of relief demanded.

**[3]** Under G.S. 1A-1, Rule 8(d), allegations in pleadings are admitted when not denied in a responsive pleading if a responsive pleading is required. In this case a responsive pleading was required, and the defendant did not file an answer denying the allegations of the complaint. Therefore under the rule, the allegations were deemed admitted.

In 3 Barron & Holtzoff, Fed. Prac. & Proc. (Wright Ed.), § 1216, it is stated:

"* * * If the default is established, the defendant has no further standing to contest the merits of plaintiff's

right to recover. His only recourse is to show good cause for setting aside the default and, failing that, to contest the amount of the recovery."

[4] Although possession of the described real property and a money judgment were demanded in the complaint, the judge, after the entry of default by the clerk under G.S. 1A-1, Rule 55 (a), entered default judgment under G.S. 1A-1, Rule 55 (b) (2) for the recovery of the possession of the real property but did not include therein a judgment for the recovery of a sum of money. The defendant, by failing to answer, admitted that plaintiff was entitled to the possession of the real property. G.S. 1A-1, Rule 8 (d). The default was thus established.

In 3 Barron & Holtzoff, Fed. Prac. & Proc. (Wright Ed.), § 1217, the federal rule with respect to setting aside a default judgment is as follows:

"A motion to set aside a default or a judgment by default is addressed to the discretion of the court, and an adequate basis for the motion must be shown. In exercising this discretion the court will be guided by the fact that default judgments are not favored in the law. Courts exist to do justice, and are properly reluctant to lend their processes to the enforcement of an unjust judgment. At the same time, the rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity. In balancing these policies the court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there was a good reason for the default and that he has a meritorious defense to the action. However, the fact that defendant has a meritorious defense does not justify setting the judgment aside if no good excuse for the default is shown. The merits of the controversy will not be considered unless an adequate reason for the default is shown."

[5, 6] Under our Rules of Civil Procedure, the determination of whether an adequate basis exists for setting aside the entry of default and the judgment by default rests in the sound discretion of the trial judge. See *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970). On the record before us the defendant did not offer any evidence showing a good reason for her

default upon which the judge could have set aside the entry of default. Neither was there an adequate basis shown for the judge to have set aside the judgment by default on the grounds of mistake, inadvertence, surprise, excusable neglect or meritorious defense. The unverified motion of the defendant may not be considered in this case as a showing of good cause or evidence of mistake, inadvertence, surprise, excusable neglect or a meritorious defense. The unverified motion did not prove the matters alleged therein and is not evidence thereof. We hold that the judge did not abuse her discretion in failing to set aside the entry of default or the judgment by default.

Under the facts in this case, it was proper for the clerk on 14 January 1971 to enter default under G.S. 1A-1, Rule 55(a), and for the judge to enter the default judgment under Rule 55(b)(2) on the same date.

The default judgment dated 14 January 1971 and the order denying defendant's motion to set aside the default judgment "(Entered January 28, 1971—signed February 1, 1971)" are affirmed.

Affirmed.

Judges PARKER and VAUGHN concur.