BOARD OF TRANSPORTATION v. JOSEPH M. WILLIAMS, AND WIFE, MARCILE L. WILLIAMS; JAMES M. BALEY III, TRUSTEE; MOUNTAIN PRODUCTION CREDIT ASSOCIATION

No. 7628SC344

(Filed 6 October 1976)

1. **Highways and Cartways § 5— highway condemnation — motion for extension of time to answer — findings and conclusions**

    The trial court was not required to make findings of fact and conclusions of law in an order denying defendants' motion under G.S. 136-107 for an extension of time to file answer in a condemnation action brought by the Board of Transportation.

2. **Highways and Cartways § 5; Rules of Civil Procedure § 55— highway condemnation proceeding — default judgment — prior entry of default not necessary**

    Final judgment was properly entered against non-answering defendants in a condemnation proceeding under G.S. Ch. 136 without an entry of default having previously been entered as required by G.S. 1A-1, Rule 55, since Rule 55 is inapplicable to a condemnation proceeding under G.S. Ch. 136.

3. **Highways and Cartways § 5— highway condemnation — final judgment before ruling on defendants' motion**

    The court did not err in allowing plaintiff's motion for final judgment against non-answering defendants in a G.S. Ch. 136 condemnation action without first ruling on defendants' motion for an extension of time to file answer where both motions were heard the same day and the fact that final judgment was entered before the order denying defendants' motion was obviously an inadvertence.

APPEAL by defendants Williams from *Rouse, Judge.* Judgment entered 12 December 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 2 September 1976.

On 21 October 1974, plaintiff filed complaint, summons, and declaration of taking in a condemnation proceeding for the taking of the property of defendants Williams. Personal service was effected on defendants Williams on 23 October 1974. The complaint and declaration of taking alleged that no compensation would be due the property owners because "the general and specific benefits to the remainder of the property described in Exhibit 'B' exceed any compensation due because of the taking of a portion thereof."

Defendants Williams failed to answer and on 17 November 1975, plaintiff filed a motion for final judgment pursuant to G.S. 136-107. On 24 November 1975, also pursuant to G.S.

136-107, defendants moved for an extension of time within which to file answer.

On 26 November 1975, the court entered an order stating that the cause was being heard on plaintiff's motion for final judgment, finding that defendants had filed a motion for extension of time within which to answer before the entry of final judgment, and refusing to allow plaintiff's motion "at this time" because of defendants' motion for extension of time, and setting both motions for hearing the week of 8 December 1975.

On 10 December 1975, final judgment was entered, the court concluding "as a matter of law, that failure to answer within said twelve (12) months constitutes an admission that the benefits to the remaining property exceed or equal any damages, and, further, said failure to answer is a waiver of any further proceeding herein to determine just compensation."

On 15 December 1975, an order dated 12 December 1975, denying defendants' motion was entered.

Defendants Williams excepted to the entry of both orders and appealed.

*Attorney General Edmisten, by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin, for the State, appellee.*

*Lentz & Ball, P.A., by Ervin L. Ball, Jr., and Lloyd M. Sigman, for defendant appellants.*

MORRIS, Judge.

[1]  Defendants argue that the court committed reversible error in failing to find facts and set out conclusions of law in his order denying defendants' motion for time within which to file answer. They contend that this is required by G.S. 1A-1, Rule 52(a)(1) which requires that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of appropriate judgment." We think the nonapplicability of this rule to this situation is too obvious to merit discussion. Findings of fact and conclusions of law are required upon entry of an order on a motion only when requested by a party and as provided by Rule 41(b), which is not applicable here. G.S. 1A-1, Rule 52(a)(2). Defendants made no request for findings of fact or conclusions of law.

Board of Transportation v. Williams

The motion for extension of time was verified by defendants' counsel. He stated therein that defendants contacted him on 21 November 1975, and asked if they needed to make any appearance in court on 24 November 1975 in response to plaintiff's motion for final judgment. They advised counsel that they had retained him in the Spring of 1975 and requested him to file answer. Counsel averred, however, that he had no recollection of having received the complaint and summons, that no record was made in his office, that no file was set up or index card made to indicate that he had been retained, and that if, in fact, the summons and complaint were brought to his office, they had been lost or misplaced, and no request for an extension of time had been made within the 12 months period required by statute.

G.S. 136-107 provides for the exercise of discretion by the court on a motion for extension of time, timely made, upon good cause shown. The court, in denying defendants' motion, stated that "after considering the motion and arguments of counsel finds that said motion should be denied." The court obviously exercised its discretion, having decided that good cause did not exist, and denied the motion. Defendants' first assignment of error is overruled.

[2]  Defendants' remaining assignment of error is directed to the court's signing and entering the order of final judgment. They argue that plaintiff failed to follow the provisions of G.S. 1A-1, Rule 55, which contemplates a two stage approach: entry of default by the clerk and, thereafter, entry of judgment by default. Obviously defendants are correct in their interpretation of the requirements of G.S. 1A-1, Rule 55, and if that Rule were applicable here, their position would have merit. However, this proceeding was brought under Chapter 136 of the General Statutes, and those provisions control the procedures to be followed in condemnation proceedings such as the one before us. G.S. 136-107 clearly provides that where no answer is filed, that failure "shall constitute an admission that the amount deposited is just compensation and shall be a waiver of any further proceeding to determine just compensation; in such event the judge shall enter final judgment in the amount deposited and order disbursement of the money deposited to the owner."

Defendants also argue that Rule 55 requires written notice at least three days prior to the hearing. We have already noted

---

the inapplicability of Rule 55 to this proceeding. Nevertheless, the record is clear that the motion for final judgment was filed 17 November 1975, that defendants were served with the motion, that they contacted an attorney with reference to whether they needed to appear in court for the hearing of the motion on 24 November 1975, that thereafter the time for hearing was extended and an order entered setting the motion for hearing the week of 8 December 1975. Defendants cannot be heard to complain that they did not have adequate notice.

[3]   Finally, they contend that the court was without authority to enter the final judgment without first ruling on their motion for extension of time. Although the record indicates the final judgment was entered on 10 December 1975, and the order denying the defendants' motion was entered 15 December 1975 (signed 12 December 1975), it is clear from both the record and statements of counsel at oral argument, that the two motions were heard the same day. The fact that the final judgment was entered before the order denying defendants' motion is obviously merely an inadvertence. This assignment is also overruled.

Affirmed.

Judges HEDRICK and ARNOLD concur.