NELLIE HASTY, EXECUTRIX OF MARTHA B. TURNER, Deceased v. NANCY SHARON CARPENTER

No. 8011SC440

(Filed 7 April 1981)

**Rules of Civil Procedure § 55– failure to file answer – entry of default proper**

When defendant "specially appeared" 20 months after being served with a complaint and filed her motion to dismiss for lack of in personam jurisdiction and insufficiency of service of process, she was and had been for a considerable period in default for failure to answer within the time limits prescribed by G.S. 1A-1, Rule 12, and by this failure to answer, defendant admitted the averments of plaintiff's complaint; therefore, where plaintiff's motion for entry of default and an affidavit of one of plaintiff's attorneys filed with the motion stated that defendant had been served with the complaint and had failed to answer or otherwise plead, the trial court was adequately informed of defendant's failure to answer, entry of default was appropriate, and the trial court did not abuse its discretion in refusing to set aside entry of default.

APPEAL by defendant from *Hobgood (Robert H.), Judge.* Judgment entered 18 February 1980 in Superior Court, HARNETT County. Heard in the Court of Appeals 4 November 1980.

Plaintiff instituted this action in her capacity as executrix of the estate of Martha B. Turner, deceased, seeking the setting aside of a deed from William W. Turner, Sr., who was the husband of plaintiff's testate, to defendant, who is Turner's daughter. Plaintiff alleged that her testate was murdered on 23 January 1974; that the murder was committed "at Turner's instigation, hire and solicitation"; that on or about 20 August 1975 a deed was recorded in the Harnett County Registry whereby Turner made a voluntary conveyance to defendant "without consideration, without retaining sufficient property to pay his debts and the claims against him, to hinder, defeat, and delay the collection of plaintiff's claim against said Turner [for the wrongful death of her testate]." She further alleged that the land conveyed was "substantially [Turner's] sole asset."

The action was commenced by the issuance of a summons and order extending time to file complaint on 30 October 1975. On 31 October 1975 plaintiff filed a Notice of Lis Pendens covering the land which was the subject of the deed in question. The complaint was filed 19 November 1975. Defendant was served by registered mail pursuant to the provisions of North Carolina

Rules of Civil Procedure, Rule 4(j). G.S. 1A-1. The summons and order extending time to file complaint were received by defendant on 6 November 1975. The summons and complaint were received by defendant's husband on 22 November 1975.

Defendant did not respond to plaintiff's complaint in any way until 29 July 1977, over twenty months subsequent to service of the summons and complaint. On 29 July 1977 counsel for defendant made a "special appearance" for the sole purpose of filing and arguing motions to dismiss the action and expunge from the record the Notice of Lis Pendens, on the ground of lack of jurisdiction over the person and property of defendant in that defendant had not been "legally served with process." This Court on a prior appeal in this case reversed a 4 October 1977 order granting defendant's motion and held that defendant was properly served with process. *Hasty v. Carpenter*, 40 N.C. App. 261, 252 S.E. 2d 274 *review denied* 297 N.C. 453, 256 S.E. 2d 806 (1979).

On 15 August 1977 plaintiff filed a motion for entry of default pursuant to North Carolina Rules of Civil Procedure, Rule 55. Subsequent to the filing of this Court's prior decision, defendant on 21 June 1979 filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure, Rule 12(b), for failure to state a claim upon which relief could be granted, and to cancel the Notice of Lis Pendens. On 5 September 1979 defendant filed a motion to dismiss plaintiff's motion for entry of default on the ground that defendant "had made some appearance," namely, a "special appearance by motion for dismissal"; and that defendant "had adequate and sufficient defenses to the alleged action of the plaintiff." She also moved for an order extending the time for filing answer on grounds that the failure to file "within the time prescribed ... was due to excusable neglect" in that defendant did not have notice of the filing of the complaint and did file motions and responsive pleadings once she had such notice. A proposed answer was tendered as an exhibit attached to the motion.

On 14 September 1979 plaintiff moved to strike defendant's motions and the answer attached to the 5 September 1979 motion. On 1 October 1979 Judge Thomas H. Lee allowed plaintiff's motion for entry of default. The Order allowing the motion retained the case "for further hearing before entry of judg-

Hasty v. Carpenter

ment." On 18 February 1980 Judge Robert H. Hobgood, after further hearing, entered judgment which declared the deed from Turner to defendant null and void, set aside and vacated the deed, and declared title to the land to be revested in Turner.

From this judgment, defendant appeals.

*J.W. Hoyle, Kenneth R. Hoyle and Jimmy L. Love, for plaintiff appellee.*

*James F. Penny, Jr., for defendant appellant.*

WHICHARD, Judge.

This court has held that defendant was served with summons and a complaint in this action, and thus that the trial court had personal jurisdiction over her. *Hasty v. Carpenter*, 40 N.C. App. 261, 252 S.E. 2d 274 *review denied* 297 N.C. 453, 256 S.E. 2d 806 (1979). The court in that appeal fixed 22 November 1975 as the date on which defendant was served with the complaint for the purpose of calculating the time within which defendant was required to file answer or other responsive pleading. North Carolina Rules of Civil Procedure, Rule 12(a)(1) requires that a defendant serve an answer "within 30 days after service of the summons and complaint upon him." The record contains no timely motions for or orders granting an extention of time to file answer. Thus, when defendant on 29 July 1977 "specially appeared" and filed her motion to dismiss for lack of *in personam* jurisdiction and insufficiency of service of process she was and had been for a considerable period in default for failure to answer within the time limits prescribed by Rule 12.

By this failure to answer, defendant admitted the averments of plaintiff's complaint. Chief Judge Mallard's statement in *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 181 S.E. 2d 794 (1971), is pertinent here:

> Under G.S. 1A-1, Rule 8(d), allegations in pleadings are admitted when not denied in a responsive pleading if a responsive pleading is required. In this case a responsive pleading was required, and the defendant did not file an answer denying the allegations of the complaint. Therefore under the rule, the allegations were deemed admitted.

*Acceptance Corp.*, 11 N.C. App. at 509, 181 S.E. 2d at 798. Thus, at the time defendant filed her motion to dismiss for lack of jurisdiction, the allegations of plaintiff's complaint were deemed admitted by defendant's failure to answer within the prescribed time limitations.

At this juncture defendant sought to defeat plaintiff's action by filing a motion to dismiss for lack of jurisdiction. This attempt failed, this court holding in the prior appeal that the trial court did have jurisdiction over defendant. *Hasty*, 40 N.C. App. 261, 252 S.E. 2d 274. Upon the failure of this attempt, the case reverted to the trial court in its pre-appeal posture, *viz.*, one in which the allegations of plaintiff's complaint were deemed admitted by defendant's failure timely to answer.

Rule 55(a) provides:

*Entry.* When a party against whom affirmative relief is sought has failed to answer or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff or otherwise, the clerk shall enter his default.

G.S. 1A-1, Rule 55(a). Plaintiff's 15 August 1977 motion for entry of default pursuant to this rule stated that defendant had failed to plead. The affidavit by one of plaintiff's attorneys filed with the motion stated that defendant had been served with the complaint in the action and had failed to answer or otherwise defend within the requisite time limit. Thus, plaintiff adequately informed the court, as required by Rule 55(a), of defendant's failure to answer; and entry of default was appropriate. Indeed, once grounds for entry of default have been established, entry is a "ministerial duty" generally performed by the clerk. *See Miller v. Miller*, 24 N.C. App. 319, 210 S.E. 2d 438 (1974); *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970); 2 McIntosh, N.C. Practice 2d § 1668 (Supp. 1970).

Here, however, the court rather than the clerk entered defendant's default. This court has stated with regard to entry of default that "[t]he judge of the superior court is in no way deprived of jurisdiction simply because the clerk, in certain instances, has concurrent jurisdiction." *Highfill v. Williamson*, 19 N.C. App. 523, 532, 199 S.E. 2d 469, 474 (1973). Thus Judge Lee

Hasty v. Carpenter

clearly had jurisdiction to enter defendant's default on 1 October 1979; and default having been established by defendant's failure timely to serve answer, the entry was appropriate.

Following the 1 October 1979 *entry* of default, a hearing was held on plaintiff's motion for *judgment* by default. The record indicates that defendant at that hearing moved in open court "for dismissal." The only motion which would have benefitted defendant at this juncture was a motion to set aside the entry of default. Such a motion may be granted "[f]or good cause shown." G.S. 1A-1, Rule 55(d). "The determination as to whether good cause exists to vacate an entry of default is addressed to the sound discretion of the trial judge." *Frye v. Wiles*, 33 N.C. App. 581, 583, 235 S.E. 2d 889, 891 (1977). Assuming, *arguendo* only, that defendant's motion "for dismissal" was in effect a motion to set aside the entry of default, the record discloses no basis for finding an abuse of discretion by the trial judge in declining to grant the motion.

The trial court having thus determined that the *entry* of default should stand, the sole question before it was whether plaintiff's motion for *judgment* by default should be granted. Default had been established. Once default is established, "defendant has no further standing to contest the merits of plaintiff's right to recover." *Acceptance Corp.*, 11 N.C. App. at 509-510, 181 S.E. 2d at 798 *quoting with approval* 3 Barron & Holtzoff, Fed. Prac. and Proc. (Wright Ed.) § 1216.

Defendant contends in her brief that the trial court erred at the hearing on plaintiff's motion for entry of judgment by default by refusing to allow introduction of 1) the deed conveying the *locus in quo* from Turner to defendant, and 2) two deeds of trust encumbering the *locus in quo* which defendant by an assumption clause in the deed assumed and agreed to pay. She sought by introduction of these documents to establish that the conveyance in question had been for a valuable consideration. She had at this juncture in the action no standing to present these documents as a defense on the merits, however, because she was deemed to have admitted the allegation in plaintiff's complaint that "Turner made a voluntary conveyance to defendant ... without consideration." *Acceptance Corp.*, 11 N.C. App. at 509-510, 181 S.E. 2d at 798. Exclusion of the documents by the trial court thus was proper; and there being no

Hasty v. Carpenter

evidence before the court on which to base a denial of the motion for judgment by default, the entry of judgment by default was appropriate.

The record indicates that, after the court announced its decision to enter judgment for the plaintiff on her motion for judgment by default, "[t]he defendant moved for a directed verdict for the defendant." A motion for a directed verdict is appropriate only in a jury trial. *Bryant v. Kelly*, 279 N.C. 123, 181 S.E. 2d 438 (1971); *Town of Rolesville v. Perry*, 21 N.C. App. 354, 204 S.E. 2d 719 (1974).[1] It presents the question of whether the evidence is sufficient to carry the case to the jury. *Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979); *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). Defendant's motion for directed verdict was made following entry of judgment by default. No jury had been impaneled, and no evidence had been presented. The motion thus was inappropriate, and the trial court ruled correctly in denying it.

We find no basis in the record for disturbing the judgment of the trial court. Consequently, the judgment is

Affirmed.

Judges HEDRICK and CLARK concur.

---

[1]These cases treated the defendants' motions as motions for involuntary dismissal under Rule 41(b). A motion for involuntary dismissal is a pre-judgment motion. The motion here was made subsequent to entry of judgment by default final.