EMDUR METAL PRODUCTS, INC. v. SUPER DOLLAR STORES, INC.

No. 8110SC490

(Filed 2 February 1982)

**Judgments § 20; Rules of Civil Procedure § 60.2— setting aside only portion of default judgment**

Where defendant moved to set aside a default judgment of $12,960 and showed excusable neglect, and the trial court ruled that a meritorious defense existed only as to $5,507.30 of the judgment, the trial court did not abuse its discretion in setting aside only that portion of the judgment for which there was both excusable neglect and a meritorious defense. G.S. 1A-1, Rule 60(b)(1).

APPEAL by defendant from *Smith, Judge.* Judgment entered 27 February 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 7 January 1982.

This appeal questions the propriety of the trial court's order setting aside a part of a default judgment upon a showing of excusable neglect and meritorious defense as to that amount of the claim and affirming the remaining part of the default judgment upon a finding that as to it the defendant presented no meritorious defense.

*Smith, Debnam, Hibbert & Pahl, by Carl W. Hibbert, for plaintiff appellee.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for defendant appellant.*

BECTON, Judge.

The plaintiff filed a Complaint seeking recovery on a contract for the sale and delivery of goods in the amount of $12,960.00. The Complaint was sent to the defendant's headquarters, where, by inadvertence on the part of an employee, it was not turned over to defendant's counsel. After the time for filing an answer had lapsed, the plaintiff obtained a default judgment for the amount of the claim. After being informed that a default judgment had been entered against it, the defendant, in apt time, moved to set aside the judgment. The defendant showed excusable neglect. The defendant also asserted that it had a meritorious defense, and tendered proof showing that some of the goods for which payment was demanded were defective and had been returned to the plaintiff. The trial court ruled that a meritorious defense existed only as to $5,507.30 of the judgment and entered an order setting aside that amount. As to the remaining $7,452.70 the trial court found no meritorious defense, and that amount was affirmed.

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) [m]istake, inadvertence, surprise or excusable neglect." G.S. 1A-1, Rule 60(b)(1).

A party moving to set aside a judgment must show (1) excusable neglect and (2) a meritorious defense. *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d 849 (1952); *Perkins v. Sykes*, 233 N.C. 147, 63 S.E. 2d 133 (1951); *Whaley v. Rhodes*, 10 N.C. App. 109, 111, 177 S.E. 2d 735, 737 (1970). It is not enough that excusable neglect is found. A meritorious defense must be found also for "[i]t would be idle to vacate a judgment where there is no real or substantial defense on the merits." *Cayton v. Clark*, 212 N.C. 374, 375, 193 S.E. 404, 404 (1937). Further, "the determination of whether an adequate basis exists for setting aside . . . the judgment by default rests in the sound discretion of the trial

judge." *Acceptance Corp. v. Samuels,* 11 N.C. App. 504, 510, 181 S.E. 2d 794, 798 (1971); *Whaley v. Rhodes.* In addition, our Supreme Court, long ago, in *Geer v. Reams,* 88 N.C. 197, 199 (1883), said that "[t]he court [is] vested with a full legal discretion over the matter . . . and [has] the right to annul or modify the judgment."

In the case before us, the trial court, after reviewing the pleadings and affidavits, made findings of fact which are supported by competent evidence and which are, therefore, binding on this Court. *See Perkins v. Sykes; Kirby v. Contracting Co.,* 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied* 278 N.C. 701, 181 S.E. 2d 602 (1971). We find no abuse of discretion in the setting aside only of that portion of the judgment for which there was both excusable neglect and a meritorious defense.

The trial court's order showed no abuse of discretion, and it is, therefore,

Affirmed.

Judge CLARK and Judge WHICHARD concur.