JAMES W. STRAUSS, Plaintiff v. ROBBIE HUNT, Defendant

No. COA99-1198

(Filed 17 October 2000)

### 1. Judgments— default—two-step process

A plaintiff should have filed a motion for entry of default, which the clerk or the court should have ruled upon, before the court ruled on plaintiff's motion for judgment by default. Obtaining a judgment by default involves a two-step process and the importance of following the correct procedure is emphasized.

**2. Appeal and Error— adherence to Rules—pro se appellants**

Although the Court of Appeals chose to consider an untimely appeal as a petition for writ of certiorari and to grant that petition to prevent manifest injustice, it was emphasized that even pro se appellants must adhere strictly to the Rules of Appellate Procedure or risk sanctions.

**3. Appeal and Error— tolling time periods—authority of trial judge**

Trial judges may not toll the time periods for serving and settling the record on appeal contained in the Rules of Appellate Procedure; they may only grant extensions of time for good cause shown to allow a court reporter an additional thirty days to produce the transcript or to allow the appellant to extend once for no more than 30 days the time permitted for service of the proposed record on appeal. Further deviations or extensions of time under the Rules can be granted only by the appellate division.

**4. Appeal and Error— notice of appeal—order appealed from**

Although a pro se defendant giving notice of appeal referred only to an 11 June 1999 order, it may be plainly inferred that she intended to appeal a 21 April 1999 order and the appeal was properly before the Court of Appeals.

**5. Process and Service— conflicting evidence—determination by fact-finder**

A trial court order holding that service was properly made on defendant was affirmed where defendant presented affidavits that service was made at defendant's place of business by handing the summons to her brother but an affidavit from the deputy making the service and the return of service indicate service upon defendant. The credibility and the weight of the evidence were for determination by the court.

**6. Pleadings— default judgment—denial of motion to dismiss—time to file answer**

The trial court erred by allowing plaintiff's motion for default judgment where nothing indicates that defendant had notice that a hearing on that motion would be held at the same time as the hearing on defendant's motion to dismiss. Furthermore, defendant should have been given twenty days to answer from the time of notice of the court's denial of her motion to dismiss. N.C.G.S. § 1A-1, Rule 12(a)(1).

**STRAUSS v. HUNT**

[140 N.C. App. 345 (2000)]

Appeal by defendant from order entered 11 June 1999 by Judge Orlando Hudson in Durham County Superior Court. Heard in the Court of Appeals 22 August 2000.

*Albert L. Willis, for plaintiff-appellee.*

*Robbie Hunt, pro se.*

SMITH, Judge.

Defendant Robbie Hunt appeals an order of the trial court denying her motion to alter or amend judgment and ordering defendant evicted from 402 East End Avenue (the East End house) in Durham. We vacate in part, affirm in part, and reverse in part.

Plaintiff James W. Strauss filed suit against defendant 20 January 1999 alleging plaintiff was the lawful owner of the East End house and that defendant claimed an adverse interest in the property. Plaintiff asked the court to remove defendant's "cloud of . . . adverse claim" from plaintiff's title and award plaintiff "$700.00 monthly from July 15, 1998 until date of judgment, plus legal interest, as damage for loss of reasonable monthly rentals." According to the "Return of Service" included in the record, defendant was served with a copy of the summons and complaint on 4 February 1999.

Defendant did not file an answer, but rather filed a motion to dismiss on the grounds of insufficient service of process, N.C.G.S. § 1A-1, Rule 12(b)(5) (1999) (Rule 12), on 5 March 1999. Plaintiff filed a response 6 April 1999 alleging service was proper and asking the court to enter "default judgment against [d]efendant for failure . . . to file timely answer."

In an order filed 14 April 1999, the trial court found as a fact that proper service of process was made upon defendant and that defendant had failed to timely file answer. The court's order stated as follows:

I. The defendant's motion to dismiss is denied.

II. The plaintiff's motion for default judgment is allowed.

III. That the adverse claim of defendant . . . is hereby removed from [p]laintiff['s] . . . title to . . . 402 East End Avenue . . . .

IV. That the [p]laintiff is hereby awarded judgment against defendant . . . in the amount of $700.00 monthly from July 15, 1998 through date of this order . . . .

An amended order was entered 21 April 1999, identical in all respects to the 14 April 1999 order, but adding that plaintiff should be awarded "$700.00 monthly from July 15, 1998 through date of this order, *for a sum certain totaling $6304.74.*" (emphasis added).

Defendant filed a "Motion to Alter or Amend Judgment" 30 April 1999, N.C.G.S. § 1A-1, Rule 59(e) (1999) (Rule 59), which the trial court denied as untimely 11 June 1999. Defendant appeals, assigning error to the court's 21 April 1999 order finding service proper and entering default judgment against defendant, and to the court's 11 June 1999 order finding her motion to alter or amend untimely.

**[1]** Before proceeding, we note that plaintiff should have first filed a motion for entry of default, which the clerk, *see* N.C.G.S. § 1A-1, Rule 55(a) (1999) (Rule 55), or the trial court, *see Hasty v. Carpenter*, 51 N.C. App. 333, 336-37, 276 S.E.2d 513, 516-17 (1981), should have ruled on before the trial court ruled on plaintiff's motion for judgment by default, Rule 55(b)(2) ("party entitled to a judgment by default shall apply to the judge therefor"; judge may conduct hearing to determine damages). "[T]he obtaining of a judgment by default involves a two-step process," W. Brian Howell, *Howell's Shuford North Carolina Civil Practice and Procedure* § 55-1 (5th ed. 1998), the entry of default followed by the entry of default judgment, *see* Rule 55(a), (b), which does not appear to have been followed here. As defendant has not raised this issue in her appellate brief, and given the other errors committed herein, we decline to discuss further this error of civil procedure. However, we emphasize to both counsel and the trial court the importance of following the correct procedure to obtain a default judgment.

**[2]** We first address plaintiff's 15 October 1999 motion to dismiss defendant's appeal, which motion is nearly incomprehensible. Plaintiff is apparently arguing that the record on appeal was not timely filed in this Court; there also appears to be some dispute as to whether defendant timely filed notice of appeal, since the trial court ruled her Rule 59(e) motion untimely. *See* N.C.R. App. P. 3(c) (if "timely" Rule 59 motion is filed, time for filing notice of appeal is tolled). While there may be some merit in plaintiff's motion, we choose, in an exercise of our discretionary powers and "[t]o prevent manifest injustice to" defendant, N.C.R. App. P. 2, to consider defendant's appeal as a petition for writ of certiorari to review both the 21 April and 11 June 1999 orders of the trial court, *see* N.C.R. App. P. 21, which we hereby grant. However, we emphasize that even *pro se*

appellants must adhere strictly to the Rules of Appellate Procedure (the Rules) or risk sanctions. N.C.R. App. P. 25(b).

[3] We are also compelled to note an error committed by Judge Knox V. Jenkins, Jr., who ruled upon an earlier "Motion to Dismiss Appeal" filed by plaintiff on 28 July 1999. In an amended order filed 7 October 1999, Judge Jenkins found defendant had complied with the Rules by serving the record on appeal to plaintiff within thirty-five days, N.C.R. App. P. 11(b), and then held that plaintiff's motion to dismiss "tolled the time for plaintiff to serve approval, objections, amendments or [an alternative] record on appeal," *see id.* (appellee must "serve either notices of approval or objections, amendments, or proposed alternative records on appeal" within 21 days after service of appellant's proposed record on appellee).

Our trial judges may not toll the time periods for serving and settling the record on appeal contained in the Rules. Trial judges may only grant extensions of time for good cause shown to allow a court reporter an additional thirty days to produce the transcript, N.C.R. App. P. 7(b)(1), or to allow the appellant to "extend once for no more than 30 days the time permitted by Rule 11 . . . for the service of the proposed record on appeal," N.C.R. App. P. 27(c)(1). Further deviations or extensions of time under the Rules can only be granted by the appellate division. *See* N.C.R. App. P. 27(c)(2).

"The time schedules set out in the [R]ules are designed to keep the process of perfecting an appeal to the appellate division flowing in an orderly manner." *State v. Gillespie,* 31 N.C. App. 520, 521, 230 S.E.2d 154, 155 (1976), *disc. review denied,* 291 N.C. 713, 232 S.E.2d 205 (1977). Once the defendant's notice of appeal was filed 18 June 1999, defendant's record on appeal should have been filed in this Court by 30 August 1999 (35 days to serve record on plaintiff; 21 days for plaintiff to respond; after no response, 15 days to file record with Court; *see* N.C.R. App. P. 11(b), 12). Instead, in large part because of the trial court's order "tolling" the time period for the appellee to serve his objections to the record, the record was not filed until 28 September 1999.

[4] We next address whether defendant's first two assignments of error, related to the trial court's 21 April 1999 order, are properly before this Court in that defendant's notice of appeal references only the trial court's 11 June 1999 order. Rule 3(d) requires that the notice of appeal "shall designate the judgment or order from which appeal is taken." N.C.R. App. P. 3(d). As we are treating defendant's appeal as a

petition for writ of certiorari, however, Rule 3 is not a bar to our hearing of defendant's appeal. *See Ice v. Ice*, 136 N.C. App. 787, 790, 525 S.E.2d 843, 846 (2000) (granting appellant's petition for certiorari and considering arguments relating to judgment not properly referenced in notice of appeal).

"Notice of appeal from denial of a motion to [alter or amend] a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990). Further, the requirements of Rule 3(d) are jurisdictional, such that violation of the Rule should result in dismissal of the appeal. *See id.*

However,

> we may liberally construe a notice of appeal in one of two ways to determine whether it provides jurisdiction . . . . First, "a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake." Second, if a party technically fails to comply with procedural requirements in filing papers with the court, the court may determine that the party complied with the rule if the party accomplishes the *"functional equivalent"* of the requirement.

*Id.* at 156-57, 392 S.E.2d at 424 (citations omitted); *see also Smith v. Insurance Co.*, 43 N.C. App. 269, 274, 258 S.E.2d 864, 867 (1979) (notice of appeal sufficient if "content of the notice . . . is likely to put an opposing party on guard the issue will be raised"). Although defendant referred only to the 11 June 1999 order in her notice of appeal, we conclude the notice fairly inferred her intent to appeal from the 21 April 1999 order, and did not mislead plaintiff.

The 11 June 1999 order referenced in the notice of appeal is the order which denied defendant's motion to alter or amend the 21 April 1999 order. Defendant's motion was based on the same grounds as the two disputed assignments of error—that the court's 21 April 1999 order was in error. It can thus be plainly inferred that defendant intended to appeal the 21 April 1999 order. As plaintiff also knew the substance of defendant's motion to alter or amend, we conclude plaintiff was not misled by this *pro se* appellant's failure to cite the 21

April 1999 order in her notice of appeal. Thus, the appeal is properly before us.

[5] Defendant first assigns error to the court's finding and conclusion in the 21 April 1999 order that service of process was proper, arguing that a copy of the summons and complaint was not delivered personally to her or left at her "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" as required by N.C.G.S. § 1A-1, Rule 4(j)(1) (1999) (Rule 4(j)). In affidavits filed with her Rule 12(b)(5) motion to dismiss, defendant and her brother, Bruce Bridges (Bridges), both testified that service was made at defendant's place of business by handing the summons and complaint to Bridges, not defendant.

However, in his response to defendant's motion, plaintiff filed the affidavit of Deputy Sheriff R. Terrell, who testified he "made personal service of the [s]ummons and [c]omplaint in this action upon an adult female who identified herself as the [d]efendant." Also included in the record on appeal is the "Return of Service" signed by R. Terrell, which states service was made "[b]y delivering to the defendant . . . a copy of the summons and complaint." Such service complies with Rule 4(j). We emphasize that a second affidavit from R. Terrell, filed with defendant's motion to alter or amend judgment, was not before the trial court at the time of its initial 14 April 1999 order or its 21 April 1999 amended order. We thus may not consider it when passing upon the court's 21 April 1999 order.

"When the officer's return of the summons shows legal service, a presumption of valid service of process is created. However, this presumption is rebuttable." *Greenup v. Register*, 104 N.C. App. 618, 620, 410 S.E.2d 398, 400 (1991) (citation omitted). Defendant attempted to rebut this presumption by presenting her affidavit and that of Bridges. As the evidence presented by the parties was contradictory, "[t]he credibility of the witnesses and the weight of the evidence were for determination by the court below in discharging its duty to find the facts." *Harrington v. Rice*, 245 N.C. 640, 643, 97 S.E.2d 239, 241 (1957). We thus will not disturb the court's findings, and affirm that part of the court's order holding service was properly made on defendant. *Id.* at 644, 97 S.E.2d at 242.

[6] However, we reverse and vacate the remainder of the court's order. The court, after a hearing, concluded service was proper, "allowed" plaintiff's "motion for default judgment," and awarded judgment in the amount of $6,304.74 in favor of plaintiff. Nothing in the

record on appeal indicates defendant had notice that a hearing on plaintiff's "Motion for Default Judgment" would be held at the same time as the hearing on defendant's motion to dismiss. As defendant made an appearance in the action by filing her motion to dismiss, defendant was entitled to "written notice of the application for judgment at least three days prior to the hearing on such application." Rule 55(b)(2); *see also Stanaland v. Stanaland*, 89 N.C. App. 111, 115, 365 S.E.2d 170, 172 (1988) (movant must provide "three days' [written] notice of the default hearing").

Further, although Rule 12(a)(1) prescribes that "[a] defendant shall serve his answer within 30 days after service of the summons and complaint upon him,"

> [s]ervice of a motion permitted under [Rule 12] alters th[at] period[] of time as follows, unless a different time is fixed by order of the court:
>
> a. The responsive pleading shall be served within 20 days after notice of the court's action in ruling on the motion or postponing its disposition until the trial on the merits . . . .

Rule 12(a)(1). A motion to dismiss made under Rule 12(b)(5) thus tolls the time period, allowing a defendant twenty days, "unless a different time is fixed by . . . the court . . . after notice of the court's action in ruling on the motion" to serve his answer. *Id.*

In the instant case, the court denied defendant's motion to dismiss and purported to enter "default judgment" against defendant on the same date and in the same order. This was improper. Under Rule 12(a)(1), defendant should have been given twenty days to answer from the time of notice of the court's denial of her motion to dismiss. *Moseley v. Trust Co.*, 19 N.C. App. 137, 141, 198 S.E.2d 36, 39, *cert. denied*, 284 N.C. 121, 199 S.E.2d 659 (1973). " 'Although the motions provided for by Rule 12(b) . . . are not pleadings . . . , Rule 12(a) provides that the service of such a motion results in a postponement of the time for serving an answer, and, consequently, no default results pending disposition of these motions.' " *Id.* (citing 6 J. Moore's, *Federal Practice* § 55.02[3] (2nd ed. 1948)).

Plaintiff argues the trial court's order simply "fixed [']a different time[,' Rule 12(a)(1),] and disallowed additional time for filing answer." We cannot agree. We first note the court's order did not state it was fixing "a different time" in which defendant could file her

answer. The trial court simply stated "defendant has failed to timely file answer . . . within the time allowed by law and is subject to judgment by default." Though termed a finding of fact, this statement is actually a conclusion of law, fully reviewable on appeal, *Bowles Distributing Co. v. Pabst Brewing Co.*, 69 N.C. App. 341, 344, 317 S.E.2d 684, 686 (1984), which we hold is incorrect as a matter of law. Defendant was not required to file answer until twenty days after notice of the court's order was given; it was thus impossible for her to be in default on the day the court's order was entered.

Second, our discussion above demonstrates that even if the court had been attempting to do what plaintiff suggests, such attempt would be contrary to Rule 12. The court must give the party filing a Rule 12(b) motion additional time to file answer after notice is given of the court's disposition of the motion. We thus reverse that portion of the trial court's 21 April 1999 order granting plaintiff's "Motion for Default Judgment" and vacate the remainder of the order awarding judgment to plaintiff in the amount of $6,304.74.

Given our disposition herein, we also vacate the trial court's 11 June 1999 order. It is thus unnecessary to pass on defendant's third assignment of error related to that order. Defendant's fourth and fifth assignments of error, which are not discussed in her brief, are deemed abandoned. N.C.R. App. P. 28(b)(5) (assignments of error not set out in brief are taken as abandoned).

In sum, we deny plaintiff's 15 October 1999 motion to dismiss defendant's appeal; vacate the trial court's 11 June 1999 order denying defendant's motion to alter or amend; affirm that portion of the 21 April 1999 order finding service was proper, reverse that portion granting plaintiff's motion for default, and vacate the remainder of that order; and order the trial court on remand to, upon proper notice to both parties, give defendant twenty days to file answer to plaintiff's complaint.

Motion to dismiss appeal denied. 21 April 1999 order vacated in part, affirmed in part, and reversed and remanded in part. 11 June 1999 order vacated.

Judges GREENE and EDMUNDS concur.