JUAN RUIZ v. MECKLENBURG UTILITIES, INC.

No. COA07-804

(Filed 4 March 2008)

## 1. Judgments— default—no entry of default

There was no abuse of discretion in denying defendant's motion to set aside a default judgment where plaintiff had not filed a motion for entry of default. The order granting the default judgment found that defendant had been properly served and had not answered or otherwise responded, which was tantamount to entry of default. Although the motion to set aside was then considered under the stricter Rule 60 standard, there was no prejudice because the trial court found that there were no grounds for relief under the Rule 55(d) standard.

**2. Process and Service— service on registered agent—signed by someone else**

An employee can be an agent for the addressee, and plaintiff in this case properly established service of process and obtained jurisdiction.

Judge GEER concurring in the result only.

Appeal by defendant from order entered 21 February 2007 by Judge Catherine C. Eagles in Forsyth County Superior Court. Heard in the Court of Appeals 9 January 2008.

*The Law Office of Mark T. Atkinson, PLLC, by Mark T. Atkinson, for plaintiff appellee.*

*Teague Campbell Dennis & Gorham, LLP, by Henry W. Gorham and Bradley G. Inman, for defendant appellant.*

McCULLOUGH, Judge.

Defendant appeals from an order denying motion to set aside a default judgment entered against defendant.

FACTS

On 30 December 2005, Juan Ruiz ("plaintiff"), an employee of Virginia-Carolina Paving and Grading Company, filed a complaint against Mecklenburg Utilities, Inc. ("defendant"). According to the complaint, defendant's negligence caused plaintiff to be injured while working on a water line. On 13 November 2006, plaintiff filed a motion for default judgment against defendant pursuant to Rule 55(b) of the North Carolina Rules of Civil Procedure and simultaneously sent notice of this motion to defendant, although he was not required to do so. N.C. R. Civ. P. 55(b). On 2 January 2007, plaintiff's motion for a default judgment was heard in Forsyth County Superior Court. The trial judge allowed plaintiff's motion and entered a default judgment against defendant on 2 January 2007. Defendant filed a motion in Forsyth County Superior Court to set aside the default judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure on 1 February 2007. On 21 February 2007, the Honorable Catherine C. Eagles denied defendant's motion to set aside the entry of default or the default judgment. Defendant filed notice of appeal on 22 March 2007.

RUIZ v. MECKLENBURG UTILS., INC.

[189 N.C. App. 123 (2008)]

I.

**[1]** Defendant argues the trial court erred by entering a default judgment against defendant. Specifically, defendant contends the trial court erred by entering a default judgment without a prior entry of default. We disagree.

Normally, "[d]efault under Rule 55 of the North Carolina Rules of Civil Procedure is a two-step process requiring (1) the entry of default and (2) the subsequent entry of a default judgment." *McIlwaine v. Williams*, 155 N.C. App. 426, 428, 573 S.E.2d 262, 264 (2002); N.C. Gen. Stat. § 1A-1, Rule 55 (2007).[1] If a plaintiff seeks a default judgment under Rule 55, he must abide by these procedural requirements. *McIlwaine*, 155 N.C. App. at 430, 573 S.E.2d at 264. "While entry of default may be set aside pursuant to Rule 55(d) and a showing of good cause, after judgment of default has been entered, the motion to vacate is governed by Rule 60(b)[.]" *Estate of Teel v. Darby*, 129 N.C. App. 604, 607, 500 S.E.2d 759, 762 (1998) (citations omitted). Rule 60(b) of the North Carolina Rules of Civil Procedure allows a party to seek relief from a final judgment of the trial court in cases of, *inter alia*, mistake, inadvertence, surprise, or excusable neglect. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007). "[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). On appeal, the trial court's findings of fact are conclusive if supported by any competent evidence. *Estate of Teel*, 129 N.C. App. at 607, 500 S.E.2d at 762. However, the trial court's conclusions of law are subject to appellate review. *Id.*

Upon review of the case *sub judice*, the record indicates that plaintiff failed to file a motion for entry of default pursuant to North Carolina Rule of Civil Procedure 55(a), and neither the trial court nor the clerk made an explicit entry of default prior to the entry of the default judgment. *See* N.C. Gen. Stat. § 1A-1, Rule 55(a). As we noted in *Strauss v. Hunt*, 140 N.C. App. 345, 348, 536 S.E.2d 636, 638 (2000), before a trial court rules on a motion for judgment by default, a plaintiff should file a motion for entry of default, and receive a ruling on that motion from either the clerk or trial court. Although the defendant in *Strauss* failed to raise this issue for appeal, we emphasized the

---

1. In *McIlwaine* the default judgment rested solely on a premature entry of default, and this Court found that such a judgment could not be enforced. For reasons discussed later, the holding in *McIlwaine* does not control the outcome here.

importance of following the correct procedure to obtain a default judgment. *Id.* at 348, 536 S.E.2d at 638-39.

Rule 55(a) states:

(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.

Although the Rule provides that entry is to be made by the clerk, the judge has concurrent jurisdiction and can order entry of default. *Hasty v. Carpenter*, 51 N.C. App. 333, 336-37, 276 S.E.2d 513, 516-17 (1981); *Highfill v. Williamson*, 19 N.C. App. 523, 532, 199 S.E.2d 469, 474 (1973).

Entry of default has often been described as an interlocutory or ministerial act, *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E.2d 735 (1970), and looks toward subsequent entry of a final judgment. *Id.*

While entry of default and default judgment are normally accomplished by separate motions and orders, nothing in the Rule prohibits both steps from being addressed in the same pleading.

In *Highfill*, the defendant objected to the fact that an entry of default was entered by the trial judge rather than the clerk. In holding that the judge had concurrent authority with the clerk, this Court noted that plaintiff had moved for "judgment against defendant by default." *Highfill*, 19 N.C. App. at 532, 199 S.E.2d at 474.

In the case at bar, plaintiff's motion uses virtually identical language in the prayer for relief. The order granting default judgment found that defendant had been properly served and had not answered or otherwise responded to the complaint. This finding is tantamount to entry of default. While the Court in *Highfill*, *Hasty* and the other cases discussed herein considered damages in a subsequent hearing, Rule 55 does not prohibit the trial judge from immediately determining the amount of damages. Here, plaintiff filed an affidavit along with supporting documents which the trial court found to be adequate to allow the court to compute damages. We find no abuse of discretion in this instance.

In his brief, defendant argues that the failure to have a separate entry of default prejudiced defendant by prohibiting the trial court

from setting aside the default under the more lenient standard of "for good cause shown" pursuant to Rule 55(d).

This argument ignores the fact that the judge denying the defendant's motion to set aside the default judgment determined that there were no grounds under Rule 55(d) warranting relief. In its order the court stated: "IT FURTHER APPEARING THAT there has been no showing of good cause for setting aside default pursuant to Rule 55(d)[.]"

In summary, while obtaining a default judgment is normally a two-step process with entry of default before the clerk preceding the judgment, Rule 55 does not prohibit both motions from being made in the same pleading.

While it is the better practice to follow the normal procedure, under the facts of this case, we find no prejudice to defendant, as the trial court considered setting aside the default judgment under the more lenient standard of Rule 55(d) but found that relief was not warranted. We perceive no abuse of discretion in that finding.

[2] Defendant further argues that plaintiff failed to obtain personal jurisdiction over defendant. We find defendant's arguments unpersuasive.

Plaintiff sent the summons and complaint to Douglas Jones, defendant's registered agent, and received back the delivery receipt signed by Jennie Jones.

N.C. R. Civ. P. Rule 4(j2)(2) provides:

(2) Registered or Certified Mail, Signature Confirmation, or Designated Delivery Service.—Before judgment by default may be had on service by registered or certified mail, signature confirmation, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) with delivery receipt, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(4), 1-75.10(5), or 1-75.10(6), as appropriate. This affidavit together with the return or delivery receipt or copy of the proof of delivery provided by the United States Postal Service signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was

an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discretion residing in the addressee's dwelling house or usual place of abode. In the event the presumption described in the preceding sentence is rebutted by proof that the person who received the receipt at the addressee's dwelling house or usual place of abode was not a person of suitable age and discretion residing therein, the statute of limitation may not be pleaded as a defense if the action was initially commenced within the period of limitation and service of process is completed within 60 days from the date the service is declared invalid. Service shall be complete on the day the summons and complaint are delivered to the address.

As an employee can be an agent for the addressee, *Fender v. Deaton*, 130 N.C. App. 657, 662-63, 503 S.E.2d 707, 710 (1998), *disc. review denied*, 350 N.C. 94, 527 S.E.2d 666 (1999), plaintiff obtained jurisdiction as service was properly established. Nothing in the affidavit filed by defendant overcomes the presumption created by the Rule.

For the reasons set forth in this opinion, the trial court's ruling is affirmed.

Affirmed.

Judge STEELMAN concurs.

Judge GEER concurs in the result only with separate opinion.

GEER, Judge, concurring in the result only.

I agree with the majority opinion that plaintiff properly served defendant. I cannot, however, agree with the majority opinion's conclusion that no procedural error occurred in this case. I believe that Rule 55 of the Rules of Civil Procedure requires that a plaintiff obtain an entry of default prior to seeking a default judgment.

It is undisputed that plaintiff never expressly moved for entry of default pursuant to Rule 55(a). Instead, plaintiff filed a motion for default judgment pursuant to Rule 55(b). The trial court allowed that motion and entered a default judgment without any mention of an entry of default.

RUIZ v. MECKLENBURG UTILS., INC.

[189 N.C. App. 123 (2008)]

I disagree with the majority that it is simply the better practice to pursue the two-step process beginning with the entry of default followed by a motion for default judgment. I believe that it is mandatory. *See Strauss v. Hunt*, 140 N.C. App. 345, 349, 536 S.E.2d 636, 638-39 (2000) (observing that "[b]efore proceeding, we note that plaintiff should have first filed a motion for entry of default, which the clerk, or the trial court, should have ruled on before the trial court ruled on plaintiff's motion for judgment by default"; stating further that, in failing to move for entry of default, plaintiff committed "error of civil procedure" (internal citations omitted)); *Board of Transp. v. Williams*, 31 N.C. App. 125, 127, 229 S.E.2d 37, 39 (1976) ("[The defendants] argue that plaintiff failed to follow the provisions of G.S. 1A-1, Rule 55, which contemplates a two stage approach: entry of default by the clerk and, thereafter, entry of judgment by default. Obviously defendants are correct in their interpretation of the requirements of G.S. 1A-1, Rule 55, and if that Rule were applicable here, their position would have merit."). *See also* N.C. Gen. Stat. § 1A-1, Rule 55 comment (2007) (noting that there will be "an entry of default *in all cases* and a final judgment by default *entered only after everything required to its entry has been done*" (emphasis added)); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10A *Federal Practice and Procedure: Civil* § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

As the majority opinion indicates, nothing in Rule 55 specifically precludes a plaintiff from filing a single document requesting both an entry of default and a default judgment. Nevertheless, plaintiff, in this case, did not do so. Plaintiff never sought—in any document—entry of default. Further, no express entry of default ever occurred. Nothing in Judge Massey's "Default Judgment" indicates that he—or anyone else—entered default.

I believe that Judge Massey could have deemed plaintiff's motion for default judgment to be a motion for entry of default and entered default before considering the request for a default judgment. Moreover, this Court has indicated in dicta that the entry of default and the default judgment could, in certain circumstances, be contained in the same document. *See Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 715, 220 S.E.2d 806, 810 (1975) ("The entry of default and entry of default judgment by the Clerk may be simultaneous and can be contained in the same document."), *disc. review denied*, 289 N.C. 619, 223 S.E.2d 396 (1976). The record before this

Court, however, does not permit any conclusion other than that a default judgment was entered without a prior entry of default.

Contrary to the majority opinion, I would, therefore, hold that the trial court's default judgment violated the procedures set forth in Rule 55. This conclusion does not, however, necessarily require reversal. The only prejudice identified by defendant is that it was denied the more lenient standard of "good cause" applied under Rule 55(c) in considering whether an entry of default should be set aside.

As the majority opinion notes, a trial judge has concurrent authority to enter default under Rule 55(a). Judge Eagles concluded in her order that Judge Massey effectively entered default, and defendant failed to demonstrate good cause to set aside the entry. Thus, defendant received the benefit of the more lenient standard. I agree with the majority opinion that no basis exists to overturn Judge Eagles' determination regarding the lack of good cause.

Moreover, if Judge Massey had first entered default, as the rule requires, defendant would not then have been entitled to notice of plaintiff's application for a default judgment. Rule 55(b)(2)(a), addressing the entry of default judgment by a judge, specifies: "If the party against whom judgment by default is sought has appeared in the action, that party . . . shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." When, however, the defaulting party has not "appeared," no notice of the application for a default judgment is required. *See Disney Enterprises, Inc. v. Farmer*, 427 F. Supp. 2d 807, 815 (E.D. Tenn. 2006) ("As [defendant] has never entered an appearance in this action, the notice requirement of Fed.R.Civ.P. 55(b)(2) does not apply."); Wright, Miller & Kane, *supra*, § 2687 ("[A] defaulting party who has failed to appear, thereby manifesting no intention to defend, is not entitled to notice of the application for a default judgment under either Rule 55(b)(1) or Rule 55(b)(2).").

Defendant has made no argument that it "appeared" in this case within the meaning of Rule 55(b). Accordingly, even if plaintiff had sought and obtained an entry of default, defendant would not have been entitled to notice that plaintiff had also applied for a default judgment. The trial court could have entered the default judgment without defendant's prior knowledge, and defendant would still be in the same position as it was during the proceedings below. In short, defendant was not prejudiced by the procedural errors. I, therefore, agree with the majority opinion that Judge Eagles did not

err in refusing to set aside the default judgment and that the orders below should be affirmed.